FRANCIS BRUECHER, Respondent, *v.* THE VILLAGE OF PORT CHESTER, Appellant.

Where an assessment for a local improvment is valid upon its face, but is in fact void because the assessors had no jurisdiction to impose it, an action may be maintained to recover back money involuntarily paid in satisfaction thereof without first having the assessment set aside or vacated.

Payment to an officer who has a valid warrant for the collection of such an assessment and who threatens to execute the same is not a voluntary payment.

No demand for a return of the money so paid is necessary before the commencement of an action to recover the same.

(Argued December 15, 1885; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made the first Monday of March, 1883, which reversed a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint, and which overruled the demurrer. (Reported below, 31 Hun, 550.)

The substance of the complaint is set forth in the opinion.

*David B. Ogden* and *Charles W. Sloane* for appellant.    The payment by plaintiff in 1875, being a voluntary payment of an assessment void on its face, the action to recover the amount paid cannot be maintained. (*Merritt* v. *Village*, 71 N.Y. 309; *N. Y. & H. R. R. Co.* v. *Marsh*, 12 id. 308, 312; *Fleetwood* v. *City*, 2 Sandf. 475, 482; *Peyser* v. *Mayor, etc.*, 70 N. Y. 497, 502; *Bank of Commonwealth* v. *Mayor, etc.*, 43 id. 184, 188, 189; *Horn* v. *Town of New Lots*, 83 id. 100; *Newman* v. *Supervisors*, 45 id. 676; *Nat'l City Bank* v. *City*, 53 id. 49; *Crooke* v. *Andrews*, 40 id. 547, 549; *Stuart* v. *Palmer*, 74 id. 183; *Whitney* v. *Thomas*, 23 id. 281; *Chase* v. *Chase*, 95 id. 373; *Lott* v. *Swezey*, 29 Barb. 87–92; *Rumsey* v. *City*, 97 N. Y. 114, 119; *Moore* v. *City*, 98 id. 396; *Strasburgh* v. *Mayor, etc.*, 87 id. 452.)    Plaintiff paid the assessment in order to complete the conveyance although he knew of its invalidity and paid it under protest; such a payment made for such a purpose is voluntary and cannot be recovered back. (*N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308; *B. & S. Glass Co.* v. *City*, 4 Metc. 187; *Pumpelly* v. *Phelps*, 40 N. Y. 59; *Mack* v. *Patchen*, 42 id. 167; *Cockroft* v. *N. Y. & H. R. R. Co.*, 69 id. 201.)    The void assessment did not constitute a lien on plaintiff's property within the meaning of his covenant against incumbrance. (*Chase* v. *Chase*, 95 N. Y. 374; *In re Deering*, 85 id. 1; *In re Delancey*, 52 id. 80; *Purcell* v. *Mayor, etc.*, 85 id. 330.)    The payment was not made under duress. (*Shaw* v. *Woodcock*, 7 B. & C. 73; *Harmony* v. *Bingham*, 12 N. Y. 99; *Astley* v. *Reynolds*, 2 Strange, 915; *Smith* v. *Bromley*, 2 Doug. 696; *Hall* v. *Schultz*, 4 Johns. 240; *Chase* v. *Dwinal*, 7 Greenl. 134.)    The complaint is defective in that it does not allege a demand on and refusal by defendant for the repayment of the money paid. (*Abbott* v. *Draper*, 4 Den. 51; *Mayor, etc.*, v. *Erben*, 38 N. Y. 305; *Stevens* v. *Hyde*, 32 Barb. 171; *Scholey* v. *Halsey*, 72 N. Y. 578–582.)    The treasurer is not authorized to receive payments under any conditions whatsoever, and any such receipt was unavailing as regards defendant's rights. (*Commercial Bk. of Rochester* v. *City*, 42 Barb. 488.) A protest will not change a voluntary into an involuntary pay-

ment.   The payment nullifies the protest.   (*Fleetwood* v. *City*, 2 Sandf. 475, 482; *Trinity Church* v. *Mayor, etc.*, 10 How. 138.)

*I. T. Williams* for respondent.   It was not necessary to have the assessment set aside or vacated, it being illegal, void and of no effect by reason of a failure to comply with the statute.   (*People* v. *Connor*, 46 Barb. 333; *State* v. *Mayor, etc.*, 38 N. J. L. 85; *State* v. *City of Perth Amboy*, id. 425; *Wilkes* v. *Mayor, etc.*, 79 N. Y. 621; *Stewart* v. *Palmer*, 74 id. 183; *Swift* v. *City of Poughkeepsie*, 37 id. 511; *Bank of Commonwealth* v. *Mayor, etc.*, 43 id. 184; 71 id. 312; *Horn* v. *Town of New Lots*, 83 id. 100.)   To constitute a voluntary payment within the rule that a voluntary payment cannot be recovered back, it must be made with full knowledge of all the material facts.   (*Duke* v. *Artisans' Bank*, 3 Abb. Ct. App. Dec. 10.)   Payment to prevent a sale has always been held to be an involuntary payment, within the rule of law under view. (*Harmony* v. *Brigham*, 12 N. Y. 99–116; 2 Strange, 915; 3 Doug. 695; 4 Johns. 240; 1 Esp. 84; 2 id. 722; 7 Barn. & Cres. 73; 3 Mees. & Wels. 644; 7 Greenl. 134; 2 Sandf. 475; 9 Johns. 201, 370; 7 Mass. 14; *Bates* v. *N. Y. Ins. Co.*, 3 Johns. Cas. 238; *Am. Ex. Fire Ins. Co.* v. *Button*, 8 Bosw. 148; 3 How. Pr. 102; 18 Wend. 586; 9 Johns. 301, 370; 2 E. D. Smith, 224; 4 Cow. 454.)   The rule that a voluntary payment cannot be recovered back is intended solely for the protection of the party receiving the money, and it is competent for him to waive the benefit of the rule.   (*Com. Bank of Rochester* v. *City of Rochester*, 22 Barb. 488.)

EARL, J.   The plaintiff in his complaint alleged that in 1875 he owned certain lands situated in the village of Port Chester, and that they were assessed for certain local improvements; that the commissioners of estimate and assessment appointed under the defendant's charter to apportion and assess the expenses of the improvement upon the adjacent premises did not take the oath required by the charter to be taken by them, nor

did they, after making their estimate and assessment, publish a notice of the time and place when and where interested parties could be heard in manner and form as required by the charter, whereby, and by means of such omissions, the report of the commissioners and the confirmation thereof, and the assessment upon his lands were illegal and wholly void at law; and he further alleged that the defendant was estopped from denying that the assessment was totally void in law, for the reason that, since the payment of the assessment, the defendant was impleaded by one Sarah Merritt and others in an action presenting the same identical issues and question presented in this action, wherein it was adjudged that the assessment was utterly void for the reasons and upon the grounds above stated. (*Merritt v. The Village of Port Chester,* 71 N. Y. 309.) And he further alleged that on the 27th day of February, 1875, a warrant was issued for the collection of the assessment upon his premises, and the defendant by virtue thereof threatened to sell and was about to sell his premises for the payment of the assessment, and that he, having before that time sold his premises and being under contract to convey the same free from all incumbrances, was unable to do so by reason of the assessment, which was an apparent lien and cloud upon the premises, and thus he was compelled, in order to complete the conveyance of his premises, to pay and did pay to the treasurer of the village and into the treasury thereof the sum of $489.30 under protest, nevertheless, and the same was received by the treasurer and into the village treasury, as so paid under protest, to-wit: that the said assessment was utterly void and of no effect, and that all the rights of the plaintiff should be and remain reserved to him, and in no way waived, foregone, or pretermitted by such payment; and he demanded judgment for the sum so paid and interest. To the complaint the defendant demurred on the ground that it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action.

It does not appear from any thing alleged in the complaint that this assessment was invalid upon its face, or that its invalidity would appear in any proceeding taken to enforce it.

The contrary must have been determined in the case of *Merritt* v. *Villlage of Port Chester ;* but it is distinctly alleged in the complaint, and was decided in this court in that case, that the assessment was in fact utterly illegal and void. Hence it was not necessary for the plaintiff to institute any action or proceeding to vacate the assessment and thus have it annulled and set aside before commencing this action. If the assessment had been merely irregular, informal or unjust, the assessors having jurisdiction to impose the same, then, before an action to recover back the money paid in satisfaction thereof could be maintained, it would have been necessary to have the same vacated or annulled in some way and thus removed as an obstacle out of the way. But where an assessment is in fact utterly void on the ground that the assessors had no jurisdiction to impose the same, then an action may be maintained to recover back money paid in satisfaction thereof without first having the assessment set aside or vacated. And so it has been held. (*Newman* v. *Supervisors of Livingston Co.*, 45 N. Y. 676 ; *Strusburgh* v. *Mayor, etc.*, 87 id. 452 ; *Horn* v. *New Lots*, 83 id. 100.)

These rules in reference to money paid upon assessments were established from the analogy which was supposed to exist between completed assessments and judgments. Money paid upon a judgment which is merely irregular or erroneous cannot be recovered back while the judgment remains in force. But money involuntarily paid upon a judgment which is utterly void can be recovered back without first causing the judgment to be reversed or vacated.

This was not a voluntary payment by the plaintiff within the rules of law applicable to such payments. We must assume that the assessment was valid upon its face, and that a valid warrant was out for its collection; and it has been repeatedly held that payment to an officer who has a valid process which he can enforce and which he threatens to execute is not a voluntary payment. (*Peyser* v. *Mayor, etc.*, 70 N. Y. 497.) And the money having been taken from the plaintiff wrongfully

and the defendant having no right to retain the same, no demand prior to the commencement of the action was necessary.

We are, therefore, of the opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.