The judgment and conviction should be affirmed.

All concur.

Judgment affirmed.

JERUSHA VAUGHN, Respondent, *v.* THE VILLAGE OF PORT CHESTER, Appellant.

Plaintiff had contracted to sell property upon which an assessment was imposed by defendant for a local improvement. The receiver of taxes published a notice and demanded payment, notifying plaintiff that the property would be sold unless the assessment was paid. Upon return to the warrant that the assessment was unpaid, defendant's board of trustees passed a resolution directing its treasurer to advertise and sell. Plaintiff then asked to be allowed to deposit with the vendee sufficient to cover the amount of such assessment, until a determination of the proceedings taken to test its legality. Said trustees refused this request or to make any arrangement to delay the sale. Plaintiff then paid the assessment at the same time serving notice that she paid under protest and reserved her right to sue for and recover the same. In an action brought to vacate said assessment and to recover the amount paid the illegality of the assessment was conceded. *Held*, that such payment was involuntary it having been made under circumstances amounting to coercion at law; and that plaintiff, having established the invalidity of the assessment, was entitled to recover back the money paid.

Reported below, 60 Hun, 401.

(Argued June 17, 1892; decided October 11, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an

order made July 2, 1891, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This was an action to vacate an assessment alleged to have been illegally made on plaintiff's property in the village of Port Chester for the grading of Haseco and Irving avenues, and to recover back the amount paid thereon.

The facts, so far as material, are stated in the opinion.

*Maurice Dillon* for appellant.    There is no allegation in the complaint, nor was there any evidence whatever offered, or any finding by the trial court, or any claim made, that the plaintiff was ignorant of any facts, or was induced by a mistake of fact in making the payment of the assessment.    (*Trippler* v. *Mayor, etc.*, 125 N. Y. 635.)    Having shown that there was no warrant outstanding in the hands of any officer to enforce payment at the time payment was made, the trial court was not justified in "finding that the payment was made under coercion and duress." (Laws of 1868, chap. 818, § 31.) The agreement to convey was entered into after the reassessments were made.    Plaintiff voluntarily undertook the payment of them rather than lose a good bargain.    (*Chase* v. *Chase*, 95 N. Y. 374; If the assessments were imposed under an unconstitutional law, they were void on their face, and a sale would create no cloud.    (*Wells* v. *City of Buffalo*, 80 N. Y. 253; Laws of 1868, chap. 818, § 38; *City of Detroit* v. *Martin*, 34 Mich. 170.)    The payment was voluntary and with full knowledge of the facts.    Such payment cannot be recalled. (*Vandebeck* v. *City of Rochester*, 122 N. Y. 289; *Phelps* v. *Mayor, etc.*, 112 id. 216; *Vaughn* v. *Vil. Port Chester*, 115 id. 637; 43 Hun, 427; *Trippler* v. *Mayor, etc.*, 125 id. 517; *Redmond* v. *Mayor, etc.*, Id. 632; Dillon on Mun. Corp. § 940.) Where payment is not made in ignorance of any facts as to the illegality of the assessments, and there is no compulsion by seizure of person or goods, there can be no recovery, and the payment is voluntary.    (*Phelps* v. *Mayor, etc.*, 112 N. Y. 222; *Redmond* v. *Mayor, etc.*, 125 id. 632; *Tripler* **v.**

*Mayor, etc.,* Id. 617.) The General Term erred in the application of the law to the facts. (2 Dillon on Mun. Corp. § 942; *Lamborn* v. *Comrs., etc.,* 97 U. S. 181; *R. R. Co.* v. *Wyandotte,* 16 Kan. 587; *Dunham* v. *Griswold,* 100 N. Y. 225; *Quincy* v. *White,* 63 id. 376; 31 Penn. St. 73.)

*Wilson Brown, Jr.,* for respondent. Plaintiff's payment was made under duress. (*Browns* v. *May,* 120 N. Y. 357; *People ex rel.* v. *Carter,* 119 id. 557.) Where the plaintiff has paid an assessment unwillingly and not voluntarily, but by reason of threats and duress on part of the defendant, which assessment was void *ab initio* by reason of the act of the legislature being unconstitutional, under which such assessment was made, it is clearly a case where the amount so paid for such void tax can be recovered in an action therefor. (*Phelps* v. *Mayor, etc.,* 112 N. Y. 222; *Horn* v. *Town of New Lots,* 83 id. 100, 103; *Pooley* v. *City of Buffalo,* 122 id. 592; *Bruecher* v. *Vil. of Portchester,* 101 id. 240; *Jex* v. *Mayor, etc.,* 103 id. 536; *Peyser* v. *Mayor, etc.,* 70 id. 497; *Newman* v. *Suprs.,* 45 id. 676; *Strusburgh* v. *Mayor, etc.,* 87 id. 452; 2 Dillon on Mun. Corp. § 943; *Bellinger* v. *Gray,* 51 N. Y. 610; Browne on Assessments, 221; *Remsen* v. *Wheeler,* 105 N. Y. 357; *Browns* v. *May,* 120 id. 357; *People ex rel.* v. *Carter,* 119 id. 557.)

GRAY, J. The plaintiff has succeeded below in vacating an assessment imposed upon her property by the defendant upon the ground of its illegality, and by the judgment she has been awarded the recovery back of the moneys she had formerly paid in discharge of the assessment. The assessment was laid in 1878 and was in the nature of a re-assessment, to cure defects invalidating an earlier assessment for the expense of grading an avenue in the village. The payment of this assessment was made in January, 1880, and under these circumstances. The plaintiff had contracted to sell to the board of education the property in question and to convey free of incumbrance. When the deed was to be delivered, this assessment stood against the property and the warrant for its collection was in

the hands of the receiver of taxes, not yet returned. The receiver returned his warrants on January 5, 1880, and on the same day the board of village trustees passed a resolution for the advertisement and sale of all property upon which the assessments had not been collected. An effort to arrange for a suspension of the enforcement of the assessment failed; the vendee of the property being willing to agree to take the deed and that there might be a deposit of sufficient of the purchase-money, to abide the result of a test suit as to the validity of the assessment. Thereupon, and on January 24, 1890, the plaintiff paid the amount due under the assessment; protesting, at the same time, against being compelled to make the payment. Subsequently the illegality of the assessment was determined in an action commenced in March, 1880, to obtain such a determination; the final decision of this court being given in January, 1886. (*Tingue* v. *Port Chester*, 101 N. Y. 294.) Upon the trial of the present action the illegality of the assessment complained of was conceded, on the strength of our decision, and the litigation has turned upon the question of whether the payment was made under such coercion by law as would sustain a recovery back of the moneys. The defendant insists, and that presents the only ground upon which we need consider its appeal, that the payment was voluntary on the plaintiff's part. If that were true and it was made simply to enable her to close with the vendee for the sale of the property, then the appellant should prevail. If a payment of an illegal assessment is made to successfully close a business transaction, it is a payment for convenience and, therefore, voluntary. To make it involuntary, it must be made because of coercion in fact or coercion by law. The former would be exemplified in some duress of person or of goods, and the latter would exist if a warrant was out for the collection of the assessment, or where such proceedings had been taken under the charter of the municipality as should, or could, result in the enforcement and realization of the assessment. (*Bruecher* v. *Port Chester*, 101 N. Y. 240; *Redmond* v. *The Mayor*, 125 id. 632; *Tripler* v. *The Mayor*, Id. 617.)

This plaintiff did not pay this assessment until there did exist such a legal compulsion as would justify her conclusion that payment alone could prevent the enforcement of the collection by the village authorities. Admitting that the receiver of the village lacked sufficient power to enforce his warrant, there, nevertheless, was the further step taken by the village trustees upon the receiver's return, by the resolution directing the treasurer to sell. When proceedings to collect the assessment had taken such legal shape as that the payment might be enforced by a sale authorized to be made, then the payment by the plaintiff could not be termed a voluntary one, within the doctrine laid down in the cases of *Peyser* v. *The Mayor* (70 N. Y. 497); *Horn* v. *New Lots* (83 id. 100); *Bruecher* v. *Port Chester* (*supra*), and *Tripler* and *Redmond* v. *The Mayor* (*supra*).

This plaintiff was not obliged to pay the assessment to successfully complete a sale of her property, for the vendee was willing to take title, under indemnity against the future obligation to pay the assessment. She paid the assessment when proceedings to collect it had reached that point that the collection was threatened to be enforced by a sale of her property. I do not think she was obliged to wait any longer to see what would actually be done after the board had thus authorized the advertisement and sale. She was justified, then, in paying to the village treasurer, in order to protect her property and to prevent incurring the further expense contemplated.

I think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.