THE PEOPLE OF THE STATE OF NEW YORK ex rel. WINFIELD S. SPENCER, Relator, v. THE VILLAGE OF NEW ROCHELLE and Others, Respondents.

*Certiorari — act of an inferior tribunal reviewed by — valuation for tax or assessment reviewable under chapter 269 of 1880 — an assessment made without notice to the owner, is void.*

Proceedings of an inferior tribunal can be reviewed by the General Term of the Supreme Court under an ordinary common-law writ of certiorari returnable at the General Term, in the absence of any statutory provisions to the contrary, except where another method of review may be given by law.

Proceedings by which a tax or local assessment is imposed are judicial in their nature, and have always been in the State of New York the subject of review by certiorari.

By chapter 269 of the Laws of 1880 the power is given to review the valuation of property or the legality of placing the property on the roll for the purpose of taxation. The word "assessment" is used in such statute in the sense of valuation, and not in the sense of a final imposition of a specific sum for taxes or for a local improvement. Prior to the enactment thereof, review by certiorari could not always be had, as certiorari did not lie to review any intermediate decision, but only the final determination, *i. e.*, the levy of the tax.

By the charter of a village it was made the duty of an owner of land fronting on a street to construct the curb and gutter in such manner and of such material

186 PEOPLE ex rel. SPENCER *v.* NEW ROCEELLE.

Second Department, December Term, 1894. [Vol. 83.

as the trustees of the village might direct, and upon his failure to comply with such direction the trustees of the village were authorized to do the work, and the expense thereof was made a lien upon the land, the trustees being directed in such case to issue a warrant for the collection of such expense out of the goods of the owner, and in the event of a failure to so collect the expense the lands were directed to be sold; there was no provision in the charter for the giving of notice to and no opportunity afforded for a hearing by the landowner, and no notice was in fact given to him of the proceedings taken to enforce such assessment, and no hearing was had therein.

*Held*, that the assessment made was void for the reason that the owner of the land, if heard, might have shown that the expense was less than the sum charged against him.

CERTIORARI issued out of the Supreme Court and attested on the 23d day of February, 1894, directed to the president and trustees of the village of New Rochelle and others, commanding them to return to the office of the clerk of the county of Westchester all their proceedings, doings and actions in relation to the assessment for the costs and expenses of certain curbing made by them in said village.

*C. H. & J. A. Young*, for the relator.

*Martin J. Keogh*, for the respondents.

CULLEN, J. :

This is a certiorari to review the action of the trustees of the village of New Rochelle in levying an assessment on lands of the relator for resetting curbs on the streets upon which such lands front.

The respondents first claim that the writ should be dismissed because the petition does not comply with the requirement of chapter 269, Laws of 1880, and the writ is made returnable at the General Term instead of at Special Term as required by that act. This claim is based upon an entire misconception of this proceeding. The writ has not issued under the statute named, but is an ordinary common-law writ of certiorari by which the proceedings of any inferior tribunal can be reviewed by this court in the absence of statutory provisions to the contrary and except where there may be another method of review given. (*People ex rel. The Mayor* v. *Nichols*, 79 N. Y. 582.)

Proceedings by which a tax or local assessment is imposed are judicial in their nature and have always been in this State the sub-

ject of review by certiorari. For this doctrine there is an unbroken line of authority from *Le Roy* v. *Mayor* (20 Johns. 430) to *People ex rel. Heiser* v. *Gilon* (121 N. Y. 551). The decision in *People ex rel. Trustees* v. *Supervisors* (131 N. Y. 471) has, therefore, no application to the case at bar. The act of 1880, cited above, relates to a different subject. By it is given the power to review the valuation of property or the legality of placing the property on the rolls for the purpose of taxation. Assessment in that statute is used in the sense of valuation, not in the sense of final imposition of a specific sum for taxes or for a local improvement. Formerly such review could not always be had, for certiorari did not lie to review any intermediate decision, but only the final determination, *i. e.*, the levy of the tax.

We do not see how this assessment can stand. By the charter of the village, as amended by the addition of section 32 to title 5 of chapter 249 of 1864, as amended by chapter 357 of the Laws of 1874, it is the duty of the owners of land fronting on streets to construct curbs and gutters in such manner and of such material as the trustees may direct. Upon a failure to comply with such direction the trustees may do the work and the expense is made a lien upon the land. The trustees are directed to issue a warrant for its collection out of the goods of the owner, and on failure to collect the charge the lands are to be sold. There is no provision in the charter for notice to or opportunity for hearing by the landowner, and, as a matter of fact, in this case no notice was given or hearing had. The owner if heard might have shown that the expense was less than the sum charged against him. For this reason the assessment was void. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Remsen* v. *Wheeler*, 105 id. 573.)

The proceedings of the trustees levying the assessment should be reversed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Proceeding of the trustees levying the assessments reversed, with costs.