JOHN NEW, Respondent, *v.* THE VILLAGE OF NEW ROCHELLE, Appellant.

*Payment of an assessment void upon its face — when it is voluntary it cannot be recovered — ignorance of the law is not a protection.*

The mere issuing of process to collect a void assessment does not constitute coercion in law; and when an assessment is paid which, upon its face, carries notice of its illegality and consequent invalidity, and no duress is resorted to for its collection, a payment so made is voluntary and the amount paid cannot be recovered.

The fact that the person who made the payment was ignorant of the invalidity of the assessment does not make his payment an involuntary one; ignorance of the law will not protect him.

Upon the trial of an action brought to recover the amount of an assessment levied upon the property of the plaintiff by the defendant, a village, it appeared that, by the charter of the defendant, assessments of the character of the one in question were made liens upon the lots in front of which the work was performed, and that the trustees of the village were empowered to sell the property assessed in case of non-payment. It was conceded that the assessment in question was void upon the face of the proceedings. It further appeared that after the assessment was levied the trustees of the village caused a warrant to be issued for its collection, by the terms of which the receiver of taxes was directed, after the expiration of sixty days from the date of the warrant, to collect the same by distress, if the same had not then been paid, and that while the warrant was in the hands of the collector the plaintiff, who supposed the assessment to be valid, paid it.

*Held*, that, as there was no threat or taking of the plaintiff's goods, there was no coercion in fact; and that, upon the facts shown, there was no coercion in law, and, therefore, the plaintiff could not recover from the village the amount paid by him.

APPEAL by the defendant, The Village of New Rochelle, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 26th day of July, 1895, upon the decision of the court rendered after a trial before the county judge without a jury.

*Michael J. Tierney*, for the appellant.

*C. H. & J. A. Young & Terry*, for the respondent.

BROWN, P. J.:

This action was brought to recover the amount of an assessment levied upon the plaintiff's property by the defendant for resetting

curbs on the streets in front of said property, and which was paid by the plaintiff to the receiver of taxes of the village.

An assessment for similar work was declared void by this court in the case of *The People ex rel. Spencer* v. *The Village of New Rochelle* (83 Hun, 185). The assessment reviewed in that case depended upon the same provision of the village charter as that under which the assessment in question was levied against the plaintiff, but the effect of the decision of the court in *Spencer's* case was not to set aside all the assessments for recurbing levied under the resolution of the trustees of the village, but only that against the relator in that proceeding.

The case was not one where a single sum of money to be raised by assessment was divided and distributed over a given district; each assessment was separate and distinct from all others, and was supported by facts applicable alone to the property and individual assessed.

This action may, however, be maintained, although the assessment has not been declared invalid, if, *first*, the assessment is void upon the face of the proceedings, and, *second*, if the payment made by the plaintiff was involuntary and the result of coercion in fact or in law.

That the assessment was void upon the face of the proceedings is not disputed by the appellant, and it was so decided by this court in *Spencer's Case* (*supra*). It is, however, claimed that the payment made by the plaintiff was voluntary, and that question is the only one to be considered on this appeal. It appears that, after the assessment was levied, the trustees of the village caused a warrant to be issued for the collection thereof to the receiver of taxes, whereby the said receiver of taxes was directed, after the expiration of sixty days from the date of the warrant, if said assessment was not paid, to collect the same by distress, in the same manner as collectors of town taxes are authorized by law to do. While said warrant was in the hands of the receiver of taxes, the plaintiff, not knowing that said assessment was invalid, but supposing it was enforcible, paid the same. By the charter of the village, assessments of the character of the one under discussion were made liens upon the lots in front of which the work was performed, and the trustees were empowered in case of non-payment to sell the property.

The decision of the learned county judge was made upon the authority of *Vaughn* v. *The Village of Port Chester* (135 N. Y. 460). I think that case has been misapprehended and misapplied. The decision there did not rest upon the fact that a warrant had been issued for the collection of the tax, but upon the fact that a resolution had been passed by the village trustees directing the treasurer to sell the land. That such was the basis of the decision of the court is apparent from the authorities cited and from the' concluding remarks of Judge GRAY's opinion, where he says: " When proceedings to collect the assessment had taken such legal shape, as that the payment might be enforced by a sale authorized to be made, then the payment by the plaintiff could not be termed a voluntary one, within the doctrine laid down in the cases of *Peyser* v. *The Mayor* (70 N. Y. 497); *Horn* v. *New Lots* (83 id. 100); *Bruecher* v. *Port Chester* (101 id. 240) and *Tripler & Redmond* v. *The Mayor* (125 id. 617, 632)."

What constitutes coercion in law is very clearly stated by Judge FOLGER in *Peyser* v. *The Mayor* (*supra*). It exists, he says, " Where a court having jurisdiction of the person and the subject-matter has rendered a judgment which is collectable in due course." Also, in " those *quasi* adjudications of inferior tribunals, such as assessors of taxes or assessments, where their proceedings are regular on their face, and on presentation make out a right to have and demand the amount levied and to collect it in due course of law." And it was further said that, " To warrant an action to recover back money paid by coercion of law upon a judgment or * * * assessment laid, it must appear that the judgment or proceedings were *prima facie* regular, so as not, themselves, to furnish evidence of their own invalidity."

In *Bruecher* v. *Village of Port Chester* (*supra*) an involuntary payment was defined to be one made to an officer who has a valid process which he can enforce. And in *Redmond* v. *The Mayor* (125 N. Y. 632) it was said that coercion in law would exist only in cases where payment of an assessment, having been demanded by the authorities, appears to be legally and rightfully due them.

There cannot be coercion in law, therefore, by the mere issuing of process for the collection of a void assessment, and when an assessment is paid which, upon its face, carries notice of its illegality and

consequent invalidity, and no duress is resorted to for its collection, such payment is voluntary in the eyes of the law, and its restoration is properly denied. (*Fleetwood* v. *City of New York*, 2 Sandf. 475 ; *Redmond* v. *The Mayor*, 125 N. Y. 632.)

The fact that the plaintiff was actually ignorant of the invalidity of the assessment does not make his payment an involuntary one. The rule is well established that a person cannot recover money paid, on the ground that he supposed he was legally bound to pay it. Ignorance of the law is not a justification of the payment. (*Phelps* v. *The Mayor*, 112 N. Y. 216.)

There was in this case no threat or taking of the plaintiff's goods, and, therefore, no coercion in fact, and, as we are of the opinion that there was no coercion in law, the payment of the assessment must be deemed to have been voluntary and the amount thereof cannot be recovered.

The judgment must be reversed, with costs of appeal, and the complaint dismissed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed, with costs of appeal, and complaint dismissed, with costs.