In the Matter of the Application of CHARLOTTE C. SEAMAN, Appellant, for a Writ of Certiorari, *v.* CHARLES R. DICKINSON, as Treasurer, ELIPHALET P. BOGARDUS, as Chamberlain, and Others, Respondents.

*Poughkeepsie — its charter, in not providing for a hearing of the owners of property assessed, is unconstitutional — an arbitrary provision that the owners be assessed according to frontage does not obviate the difficulty — discretion of the General Term in granting a certiorari — Laws* 1883, *chap.* 523, §§ 126, 127.

Where the enactments of a city charter, relative to levying assessments for street improvements, fail to provide for a hearing of the parties to be assessed, the provisions of the charter are, in this regard, unconstitutional.

*Semble,* that an assessment levied under such a charter cannot be sustained upon the theory that the Legislature has itself exercised the power of apportioning the assessment by prescribing, in the charter, a rule that abutting property should be assessed for such improvements, not according to benefits, but according to the frontage of each lot, and that, therefore, the duty of the local officers was purely ministerial, and that a provision for a hearing of the parties to be assessed would be unnecessary, because unavailing.

Even in this view a person assessed might, if afforded a hearing, contest the cost of the improvement and the amount of the frontage of his lot upon the street in question.

The discretion given to the court, in reference to granting a writ of certiorari to review an assessment, is vested not only in the Special Term but also in the General Term of the Supreme Court.

APPEAL by the petitioner, Charlotte C. Seaman, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Dutchess on the 21st day of September, 1895, denying her application for a writ of certiorari.

*S. H. Brown, F. B. Lown* and *C. Morschauser,* for the appellant.

*P. E. Ackert,* for the respondents.

CULLEN, J. :

This is an appeal from an order of the Special Term denying the application of the relator for the issue of a writ of certiorari to review an assessment for the repaving of Market street in the city of Poughkeepsie.

The substantial attack on the validity of the assessment is that the provision of the charter of the city (§§ 126, 127, chap. 523, Laws of 1883) authorizing the respondents to lay an assessment for such improvements is unconstitutional, in that it fails to provide for giving any hearing to the parties to be taxed. The application was denied by the Special Term, not as a matter of discretion, but on the ground that the objection was not well founded. This court has already decided the question involved, in the case of *People ex rel. Spencer* v. *The Village of New Rochelle* (83 Hun, 185), where it was held that similar provisions in the charter of that village were invalid. The decision seems not to have been cited before the learned justice at Special Term. As he wrote an opinion supporting the conclusion reached by him it is as well that we re-examine the question.

In *Stuart* v. *Palmer* (74 N. Y. 183) it was first authoritatively decided that no law authorizing the imposition of taxes or assessments by local authorities was' valid unless the law itself provided for a hearing of the owners of the property to be assessed. This rule has never since been departed from by the Court of Appeals, but, on the contrary, has often been reaffirmed. (*Remsen* v. *Whee-*

*ler*, 105 N. Y. 573; *Matter of Union College*, 129 id. 308.) The Special Term did not deny this principle, but apparently based its decision upon the theory that the Legislature had itself exercised the power of apportioning the tax by prescribing the rule that the abutting property should be assessed, not according to benefits, but according to the frontage of each lot, and thus the duty imposed on the common council was so purely ministerial that a hearing before it was unnecessary because it would have been unavailing. To support this claim three cases are cited, *Spencer* v. *Merchant* (100 N. Y. 585); *State* v. *County of Kings* (125 id. 312); *Genet* v. *City of Brooklyn* (99 id. 296).

In the first case a local assessment having been held void for failure of the statute to provide notice, a subsequent statute was passed directing that the uncollected part of the assessment should be apportioned among the abutters, who had failed to pay the original assessment. This statute was held valid, but it provided for a hearing to the taxpayers, and the court based its decision on the ground that such hearing was neither vain or illusory. The cases of *Genet* v. *City of Brooklyn* and *State* v. *County of Kings* simply hold that " the power of taxation   *   *   *   is vested in the Legislature, and is practically absolute except as restrained by constitutional limitations." But we have already seen that a constitutional limitation which restrains its action is that a hearing must be given as to the apportionment of the tax, otherwise the legislation is invalid.

But it is unnecessary to pursue the discussion further, for in the *Matter of Union College (supra)* it was held not only that the imposition of water rates in Long Island City was invalid, because the charter failed to direct a hearing, but also that after an attempted imposition of water rates had been made a statute validating the same was equally bad for the same defect. Yet this last statute was almost the equivalent of a direct imposition of the tax by the Legislature, for the exact amount of the tax and the particular property taxed were ascertainable from the assessment rolls.

Even if the theory of the Special Term were correct, it would not be applicable to this case. The precise tax had not been determined at the time of the charter, or the work commenced till years after. The taxpayer might on a hearing have contested the amount of the

expense of the improvement, and also the frontage of his lot. The hearing would, therefore, by no means have been perfunctory.

The discretion of the court in granting the writ is vested not only in the Special Term, but also in this branch of the court. An appeal is, therefore, properly made to our discretion to refuse the writ, even though we find that the Special Term erred in its view of the law. But we think it wiser that a proceeding which we believe void should be adjudicated upon in a direct proceeding, rather than remit the parties to a further litigation. However, some of the parties may prefer to pay the tax, void as it is, thinking (probably correctly) that it will be ultimately imposed upon them. For this reason we think there should be no stay.

Order appealed from reversed and application granted, with ten dollars costs and disbursements, and also ten dollars costs of original motion.

All concurred.

Order reversed and application granted, with ten dollars costs and disbursements, and ten dollars costs of original motion.