## 224 TREDWELL v. CITY OF BROOKLYN.

Alanson Tredwell, Respondent, v. The City of Brooklyn, Appellant, Impleaded with R. Ross Appleton, as Tax Collector of the City of Brooklyn.

*Assessment for grading, etc., an avenue — not conforming to the authorized line — remedy in equity — cloud upon title — costs.*

Where grading commissioners grade and construct an avenue upon a different line or course from that authorized, and the effect of the change is to increase the depth of some lots and decrease the depth of other lots of a property owner beyond that in the established assessment district, and also to make a lot of such owner, which had already been assessed for the benefits to be conferred by the grading and construction of the avenue, part of the avenue as so constructed, such action constitutes a trespass, and an assessment to pay for the cost of the wrongdoing cannot legally be laid on the lands affected thereby.

Where, in such a case, the facts on which the invalidity of the assessment is based do not appear upon the record, an action may properly be brought in equity to vacate and set aside the assessment as a cloud upon the plaintiff's title.

Where a collector of taxes for a city is not vested with any power to collect an assessment by process of law, the mere fact that he has issued bills for a part of the assessment and is seeking to enforce their payment, will not entitle the owner of the lands to any affirmative relief against him in a court of equity.

Where an illegal assessment is levied by a town, and the town is subsequently incorporated into a city, the latter, if it is in no manner responsible for the acts which invalidated the assessment, should not be charged with the costs of an action brought by the owner of the lands improperly assessed to vacate and set aside the assessment.

Appeal by the defendant, The City of Brooklyn, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of June, 1896, upon the decision of the court rendered after a trial at the Kings County Special Term, as declares void certain assessments and restrains the said defendant from attempting to collect the same.

*Alfred Mudge*, for the appellant.

*Horace Graves*, for the respondent.

Judgment affirmed, with costs, upon the opinion of the Special Term.

All concurred.

The following is the opinion of the Special Term:

OSBORNE, J.:

On or about December 23, 1886, resolutions were adopted by the board of supervisors of Kings county altering the line of Emmons avenue, in the then town of Gravesend, as laid down on the town survey commissioners' map, between East Fourteenth street and the westerly end of Plumb island, and according to the map annexed. Said resolutions further provided for application to the Supreme Court for the appointment of opening commissioners to open said Emmons avenue, as changed, from East Fourteenth street to Hog Point creek, and to assess the damages by reason thereof, and that, on the confirmation of the report of the opening commissioners, the supervisor of said town should appoint three grading commissioners, who should grade, construct and improve said avenue, and assess the expense thereof proportionately on the lands in their judgment benefited thereby. The district of assessment for opening and for grading and constructing said avenue was to include the lands on each side thereof to the distance of 400 feet on each side thereof. The course of said avenue, as altered, and as shown on the opening map, was to run, after leaving the creek or inlet, known as Leonard's creek, in a direction south 68 degrees 12 minutes east for a distance of 950 feet to the westerly end of Plumb island. Under these resolutions, application was made to the Supreme Court, which appointed opening commissioners who proceeded to assess the damages for the lands and buildings taken for such opening on the district prescribed, and the assessment thereof was confirmed by the Supreme Court. Appeal was taken therefrom, and the confirmation of that assessment was subsequently affirmed by the Court of Appeals.

Thereafter, the supervisor of the town of Gravesend appointed three grading commissioners to grade and construct said avenue, and these commissioners, in advance of the work, assessed the estimated expense on the district of assessment fixed by the board of supervisors as aforesaid, and this assessment was confirmed in March, 1889, but the actual work of grading and constructing the avenue was not done till 1890.

Plaintiff, as owner in fee with others, of the lots designated on

the opening and grading maps by the numbers 135, 172, 177, 178, 179, 143, 143a and 181, brings this action to have said assessments on said lots declared illegal and void, and to remove the cloud of said assessments from said lots, and to enjoin the collection thereof.

Plaintiff bases his claim for relief on the grounds that said avenue has not been graded, constructed and improved as said avenue was laid out on the opening and grading maps; that the width thereof, east of East Twenty-seventh street, has been decreased twenty-five feet; that said avenue is not graded and constructed on the land or in the direction designated on the opening and grading maps, but on other land; that the assessments for grading and constructing said avenue have been laid on an area of plaintiff's land extending 400 feet on each side of said avenue at right angles therewith, as laid down on the opening and grading maps, but not at right angles with said avenue, or for 400 feet on either side thereof as graded and constructed; that the length of said avenue, as constructed through lots 143 and 181, is shorter by 144 feet than the length as laid down on said maps, and his assessment is larger than it would have been if said lots had been assessed as the avenue now runs and is graded and constructed, and that the work was so improperly done that much of it crumbled away within less than a year after its construction.

In so far as the assessments on plaintiff's lands for the opening of Emmons avenue are concerned, I am of the opinion that he is not entitled to any relief. That assessment, as already stated, was confirmed by the Supreme Court on due notice to all parties interested; objection to such confirmation was made by a property owner other than plaintiff, but such objection was overruled by the court, and its action has been affirmed by the Court of Appeals. Nothing has been shown by the plaintiff on the trial of this action calculated in any manner to affect the validity of that assessment.

As to the action of the grading commissioners in grading and constructing said avenue or a portion thereof, I think enough has been shown on the trial of this action to entitle the plaintiff to relief with reference to some of the assessment levied therefor.

It was provided by the board of supervisors that Emmons avenue, after leaving Leonard street, should run in a direction south, 68 degrees 12 minutes east, for 950 feet to the westerly end of Plumb island, and the course is so laid down on the opening and grading

maps. Instead of being so graded and constructed, the evidence shows that Emmons avenue, after leaving Leonard's creek, has been graded and constructed in a direction south 84 degrees 45 minutes east; in other words, instead of said avenue being built east of Leonard's creek in a nearly southeasterly direction, no bend at all was made, but the avenue was continued in the same or nearly the same line as graded and constructed west of Leonard's creek. The result of this was that some of the lots on the north side of the avenue, as laid out and assessed on the opening and grading maps, were left with an actual depth of less than 400 feet, while lots on the south side were left with a much greater depth, notwithstanding that the district of assessment had been fixed and mapped to the depth of 400 feet on each side of the avenue; more than this, a small gore lot belonging to plaintiff on the north side of the avenue as mapped out, designated on the maps as 143a, was, by this alteration of the line of construction, actually made to constitute a portion of the avenue as graded and constructed, although the grading commissioners had, by their report, levied an assessment for benefit thereon.

I think that it is plain that the action of the grading commissioners and their agents in so grading and constructing Emmons avenue east of Leonard's creek in a different line or course from that shown on the maps constituted a trespass, a wrongful act on the lands of the plaintiff, and an assessment to pay for the cost of the wrong cannot legally be laid on the lands affected thereby. In other words, the plaintiff cannot be compelled to pay for a trespass committed upon his lands. (*In Matter of Cheesebrough*, 78 N. Y. 232; *Speir et al.* v. *Town of New Utrecht*, 121 id. 420.)

It follows, therefore, that the assessments for grading and constructing Emmons avenue laid by the grading commissioners on those lots of the plaintiff, or in which he has an interest, lying east of Leonard's creek, and designated on the opening and grading maps by the numbers 143, 143a, 177, 178, 179 and 181, must be vacated and set aside.

As the facts on which the invalidity of these assessments are based do not appear on the record, this action is properly brought in equity to vacate and set aside the same as a cloud upon plaintiff's title.

By chapter 118 of the Laws of 1892, entitled "An act in relation

to local improvements in the town of Gravesend, in the county of Kings," it was provided that all unpaid assessments for local improvements theretofore levied in said town exceeding $100 on any one plot, instead of being assessed, levied and collected as theretofore provided by law, should not be deemed to have been assessed or to be payable, except in and by the equal annual installments to be levied as by said act directed; and the act further directed that the board of assessors of said town should levy annually one-fortieth part of every such sum theretofore unpaid in each year on the land originally assessed; and that such installments should be liens on the respective parcels only from the time they were levied; and that such assessments should not be, or be deemed to be, a charge or lien against such lands, except in and by said equal installments from the time they should respectively be levied. The effect of this act was to vacate the assessments as a present and subsisting lien, and to substitute therefor a provision for the levying of the same in forty equal annual installments, with interest, and said act (§ 5) also provided that any owner might, at any time, pay all of the installments not levied, " but which are provided by this act to be levied on said land, and thereupon the said land shall be discharged from all further liability on account thereof."

By chapter 449 of the Laws of 1894 the town of Gravesend was annexed to the city of Brooklyn, and it was therein provided that all warrants for the collection of taxes and assessments affecting and levied upon property in said town should be issued by the collector of taxes of the city of Brooklyn, and payment thereof enforced in the same manner and by the same officers as the taxes of other wards in said city.

It is claimed by the plaintiff that the defendant Appleton, as collector of taxes of the city of Brooklyn, has issued bills for a proportionate part of the assessment levied on plaintiff's said lands and is seeking to enforce payment thereof. As, however, said collector is not vested with any power to collect such assessment by process of law, plaintiff is entitled to no affirmative relief against him, and the complaint should be dismissed as to him.

I am of the opinion that the plaintiff is entitled to judgment vacating and setting aside and declaring null and void all assessments for grading and constructing Emmons avenue, or any proportionate

part thereof, heretofore levied or sought to be levied against the lots designated on the opening and grading maps of Emmons avenue by the numbers 143, 143a, 177, 178, 179 and 181, and also to a judgment perpetually enjoining the city of Brooklyn or any of its officers from hereafter levying or seeking to collect any installment or portion of any assessments for grading and constructing Emmons avenue against the said lots last above mentioned.

As the city of Brooklyn is in no manner responsible for the acts which have invalidated such assessments, plaintiff should not be awarded costs.

# Cases

DETERMINED IN THE

# THIRD DEPARTMENT

IN THE

## APPELLATE DIVISION,