(24 Misc. Rep. 613.)

RICHTER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. September, 1898.)

1. MUNICIPAL CORPORATIONS—SIDEWALK ASSESSMENTS — VALIDITY — QUIETING TITLE.
    A sidewalk assessment imposed under Laws 1870, c. 291, tit. 3, § 4, invalid because the walk was built on plaintiff's land without warrant for seizing it, is not void on its face, and he may sue to vacate it as a cloud on title.

2. SAME—DUE PROCESS OF LAW.
    Laws 1870, c. 291, tit. 3, § 4, providing for sidewalk assessments, is not unconstitutional as prescribing no notice to the owner in front of whose property the sidewalk is ordered, where the assessment is imposed for the owner's refusal to have the work done, since the refusal implies a notice.

3. SAME—COSTS.
    Where the city of New York had ample notice of plaintiff's demand for the cancellation of an admittedly invalid assessment imposed by village trustees before incorporation of the village with said city, plaintiff should have costs.

Bill by Katie Richter against the mayor and commonalty of the city of New York. Judgment for plaintiff.

Henry Cooper, for plaintiff.

John Whalen (Charles A. O'Neil, of counsel), for defendant.

BISCHOFF, J. It is not disputed that the assessment in suit, imposed by the trustees of the former village of Wakefield against the plaintiff's property for the expense of constructing a sidewalk, was invalid in fact. The controversy turns upon the question wheth-

er this assessment may properly be adjudged void in an. equitable action, it being claimed by the defendant that the alleged lien is void upon its face, and hence that there is no room for the intervention of a court of equity. The ground upon which the assessment is assailed by the complaint is that the sidewalk for which the charge was imposed was built upon the plaintiff's own land by the village trustees without warrant in law for their seizing it for this purpose, and the allegations are properly supported by proof. Such an assessment is to be declared void in an action of this character, the invalidity being based upon the proposition that one may not be charged for the result of a trespass upon his land (Tredwell v. City of Brooklyn, 11 App. Div. 224, 43 N. Y. Supp. 458); and it was held in the case cited that an assessment of this nature was not void on its face, and that the action was maintainable.

The defendant's argument for a dismissal of the complaint appears to proceed upon the theory that the assessment was void upon the record, for reasons distinct from those upon which the action is founded, and that an adjudication upon the merits should accordingly be denied. The argument is that all assessments imposed for sidewalk improvements under the general village law (Laws 1870, c. 291, tit. 3, § 4), as in force when this assessment was made, were invalid as matter of law, in that the act prescribed no form of notice to the owner of the property in front of whose premises the laying of the sidewalk was authorized, the assessment being imposed for the expense of the improvement, should the owner neglect or refuse to have the work done. It is claimed, therefore, that even had there been no trespass, and the sidewalk laid upon the highway, the assessment was void upon its face because of what is said to be an unconstitutional feature of the law regulating these assessments, but it appears to me that the contention is without force.

The statute in question could certainly be constitutionally enforced where the assessment was laid for the owner's refusal to bear the necessary expense of this public improvement, since this refusal could only imply an attitude assumed after demand; hence after notice. Therefore every assessment imposed under this law could not be said to be void, since the law itself would of necessity be upheld in such cases as had fallen within its constitutional provisions. Dillon v. Railroad Co., 19 Misc. Rep. 124, 43 N. Y. Supp. 320, and cases collated. The authorities cited for the defendant are not opposed to this view. In the case of People ex rel. Spencer v. Village of New Rochelle, 83 Hun, 185, 31 N. Y. Supp. 592, an assessment, imposed under provisions of a special charter, similar, with regard to the matter of notice, to the provisions of the village law, was declared void in a direct proceeding, upon certiorari, but after proof that no notice had been given the owner; and in New v. Village of New Rochelle, 91 Hun, 214, 36 N. Y. Supp. 211, it was held that the decision in the Spencer Case did not operate to render void all assessments levied under these particular provisions, but proceeded only upon the facts of the individual case. The remark of the court, in the New Case, that the assessment "was void upon the face of the proceedings," is to be considered in the light of the nature of that action,

which proceeded upon the act of the plaintiff in making a voluntary payment of an assessment which he knew to be void because of the failure of the necessary notice before the charge was imposed.

The invalidity of this assessment, therefore, cannot be predicated, on the absence of statutory authority for its existence, upon the record as a lien, prima facie, and the plaintiff is entitled to judgment upon the proof of facts, extraneous to the assessment roll, wherefrom the illegal character of the purported lien is made apparent. Tredwell v. City of Brooklyn, supra; Rogers v. Village of Sandy Hill, 14 Wkly. Dig. 45. I think that the plaintiff should have costs of the action, notwithstanding the point made by the defendant that the assessment was imposed by the village trustees, then a body independent of the municipality. Ample notice was given the defendant of the plaintiff's just demand that this assessment be canceled, and yet she has been put to the necessity of prosecuting her action to judgment, while the invalidity of the assessment has not been questioned as a matter of law or of fact. Judgment for plaintiff, with costs.