Fourth Appellate Department, September, 1899. Reported. 43 App. Div. 336.

JOSEPH W. BAKER, Appellant, *v.* LORENZO O. BUCKLIN, Individually and as County Treasurer of the County of Herkimer, N. Y., Respondent.

Liquor tax certificate—Excessive amount paid therefor under a mistake
   of law—It is not recoverable from the successor of the county
   treasurer who received it.

A village hotel keeper who, "under a mistake as to the requirements of
the Liquor Tax Law," has paid an excessive amount for a liquor tax
certificate on the alleged demand of the county treasurer, who thereupon
paid over one-third of such amount to the State Treasurer and the other
two-thirds to the village, as required by statute, is not, in an action
brought by him against the successor of such county treasurer in his
individual and representative capacity, entitled to recover the excess of
payment so made, as such payment was a voluntary one made under a
mistake of law, and the defendant has no authority to devote to the
payment of the plaintiff's claim other excise moneys in his hands.

APPEAL by the plaintiff, Joseph W. Baker, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Herkimer on the 23d day of May,
1898, upon the decision of the court, rendered after a trial before
the court without a jury at the Herkimer Trial Term, dismissing
the complaint upon the merits.

On or about May 1, 1896, John T. Kerrivan, as county treasurer
of Herkimer county, issued to plaintiff as a hotelkeeper in the
village of Herkimer, in said county, a liquor tax certificate, for
which he received from the plaintiff the sum of $200. Neither
in the last State census nor in the last United States census was
the population of the village of Herkimer stated separately from
the population of the town of Herkimer. Within ten days after
the receipt of the moneys by the said Kerrivan, he paid one-third
thereof to the State Treasurer and two-thirds to the village of
Herkimer, as he was required to do by the statute. Thereafter
the plaintiff demanded a return of the $100 which had been paid
in excess of the fee required by the statute. The term of office
of the said Kerrivan expired, and this defendant became county
treasurer upon January 1, 1897. He received from the said Kerrivan such moneys and papers as were in his hands. Demand
was also made of defendant for the return of said moneys, and

this action was brought therefor. The plaintiff alleged in his complaint the payment of said moneys and that the excess was paid by plaintiff " on demand of the said county treasurer under a mistake as to the requirements of the Liquor Tax Law." Upon the trial of the action a jury was waived and the case was submitted to the court, which, after having considered the same, dismissed the complaint, with costs. From the judgment entered upon such decision this appeal has been taken.

*William J. Gardinier,* for the appellant.

*Eugene E. Sheldon,* for the respondent.

SMITH, J.:

The plaintiff encounters two obstacles to his recovery. He has conceded upon the trial that the defendant is not liable individually. It appears from the evidence that he has none of the moneys which the plaintiff claims to have paid to his predecessor through mistake. Those moneys have all been paid, pursuant to the law, either to the State or to the village of Herkimer. The fact that defendant has other moneys in his hands paid to him for like purposes would not authorize him to pay the plaintiff's claim. As to the disposition of that fund the statute has given him explicit directions. It is nowhere provided that any part thereof may be held by the treasurer for the repayment of any moneys paid by mistake by other holders of certificates.

Again, the plaintiff in his complaint predicates his right to recover upon the ground that it was paid upon the demand of the said county treasurer and under a mistake as to the requirements of the Liquor Tax Law (Laws of 1896, chap. 112). It is difficult to see how the plaintiff can escape the rule of law that voluntary payments cannot be recovered. We are referred to no authority which holds that payment made under like circumstances can in any event be held to have been made under duress. A contrary rule of law seems to be held in *New* v. *Village of New Rochelle* (91 Hun, 214). We are unable to find any evidence of any mistake of fact upon which the payment was made. Such evidence would not have been admissible under the complaint. In *Phelps* v. *Mayor* (112 N. Y. 219) Judge GRAY, in writing for the court, says: " The principle is elementary that a party cannot recover back money paid upon the ground that he supposed he was bound

in law to pay it." Without allegation or proof that the moneys were paid under a mistake of fact the plaintiff's case seems barren of any substantial ground of recovery.

It becomes unnecessary then to consider the other objections made to the plaintiff's recovery, and it follows that the judgment should be affirmed, with costs.

All concurred, except McLENNAN, J., not sitting.

Judgment affirmed, with costs.