NEUFELD et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 29, 1904.)

1. PAYMENT—VOLUNTARY PAYMENT—EVIDENCE.

Where the owner of a building in process of construction, after the filing of a lien against it, paid the lien because he could not negotiate a contemplated loan unless he did so, but in so doing he arranged with a materialman to throw off a certain amount from his bill, and accepted a rebate of a certain amount, the payment was voluntary, and hence no recovery could be had of the sum paid, though the lien was invalid.

Appeal from Special Term, Kings County.

Action by Ida Neufeld and others against the city of New York. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Eugene V. Brewster, for appellants.

John J. Delany (James D. Bell and P. E. Callahan, of counsel), for respondent.

JENKS, J. I agree with the learned Special Term that the payment was voluntary. The learned counsel for the appellants concedes that this payment, if but made under protest, or with objection, or coupled with the threat to sue, is not sufficient to permit a recovery. But he relies upon the proof that the plaintiffs at the time were in financial distress; that they had arranged for a loan from a lending corporation, upon which they depended; and that the filing of the lien by the defendant prevented the loan, and therefore threatened disaster. In Redmond v. The Mayor, 125 N. Y. 632, 26 N. E. 727, it is held that the payment of an invalid tax which was a lien, in order to obtain a loan, was voluntary. In Vaughn v. Village of Port Chester, 135 N. Y. 460, 32 N. E. 137, although the payment was pronounced involuntary, the court, per Gray, J., say:

"The defendant insists—and that presents the only ground upon which we need consider its appeal—that the payment was voluntary on the plaintiff's part. If that were true, and it was made simply to enable her to close with the vendee for the sale of the property, then the appellant should prevail. If a

payment of an illegal assessment is made to successfully close a business transaction, it is a payment for convenience, and therefore voluntary. To make it involuntary, it must be made because of coercion in fact or coercion by law."

In Swift Co. v. U. S., 111 U. S. 22, 4 Sup. Ct. 244, 28 L. Ed. 341, cited by the learned counsel for the appellants, the court say that the exaction of the United States was, in effect, saying to the appellant that, unless it complied with such exaction, it could not continue its business at all. "The only alternative was to submit to an illegal exaction or discontinue its business." In Peyser v. The Mayor, 70 N. Y. 497, 26 Am. Rep. 624, also cited, the proceedings were said to have the force of a judgment under which the collector had the right to take and sell the goods. In Poth v. The Mayor, 151 N. Y. 16, 45 N. E. 372, also cited, the assessment was paid after legal steps had been taken for its collection. In Buckley v. The Mayor, 30 App. Div. 463, 52 N. Y. Supp. 452, affirmed 159 N. Y. 558, 54 N. E. 1089, the owner was compelled to pay for a permit under threat of arrest, whereupon the foreman stopped the work, and the coercion was said to be a threat of brute force. I think that the case at bar is within the principle of Redmond v. The Mayor and the exception noted in Vaughn v. Village of Port Chester, supra, and is not governed by the other authorities I have noticed, for the reason that there was no coercion in this case. The lien filed was but notice of a claim. The facts that the plaintiffs could not proceed with the work unless they obtained a loan from a certain proposed lender, and that the lender refused to make the loan unless the lien was lifted, were but accidental. The filing of the lien did not ipso facto stop the work. Not only is the case within the authorities cited, but the further circumstances that the plaintiffs made arrangements as to the materialmen to throw off $1,900 of their bills, and also accepted a rebate of $1,000, tend to establish the fact that their payment was voluntary.

The judgment should be affirmed, with costs. All concur.