EMILY D. JEX et al., Executors, etc., Appellants, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The provision of the act in relation to vacating illegal or irregular assessments for local improvements in the city of New York (§ 2, chap. 338, Laws of 1858, as amended by chap. 312, Laws of 1874), which takes away the remedy by action to vacate such an assessment, applies only where there is an existing lien created by the assessment; it has no application when the lien has been removed by payment or otherwise.

An action, therefore, is maintainable to recover back moneys wrongfully extorted under color of an assessment imposed without jurisdiction.

It is not essential that such an assessment shall be first vacated to enable the party to recover back the money paid thereon.

It seems, if the vacation of the assessment is necessary, that relief may be had in the same action, and in connection with the relief, for the recovery of the money.

The presentation of a proper petition, as prescribed by the city charter of 1873 (§ 115, chap. 335, Laws of 1873), is the basis of the jurisdiction of the common council to incur an expense for repaving, reimbursable by local assessment.

An assessment, therefore, for such an improvement, initiated without a petition, is not irregular merely, but is void.

(Argued October 28, 1886; decided November 23, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 30, 1885, which affirmed an order of Special Term, sustaining a demurrer to the complaint herein.

This action was brought to recover back the amount of an alleged illegal assessment which plaintiff's testator had been wrongfully compelled to pay. The substance of the averments in the complaint is set forth in the opinion.

*Herbert A. Shipman* for appellants. An action of this nature can be maintained. (*Strusburgh* v. *Mayor, etc.,* 87 N. Y. 452; Laws of 1873, chap. 312, § 18; id., chap. 613, § 3; *Delano* v. *Mayor, etc.,* 32 Hun, 144.) The act of 1858 (Chap. 338), as amended by the act of 1874 (Chap. 312), is only applicable when the lien of the assessment exists. (*In re Lima,* 77 N. Y. 170; *In re Hughes,* 93 id. 513.) It is competent for the legislature to deprive a court of equity of the power of giving a particular remedy, but it cannot deprive a party of all remedy. (Cooley's Constitutional Limitations [3d ed.], 239; *Lennon* v. *Mayor, etc.,* 55 N. Y. 361; *Taylor* v. *Porter,* 4 Hill, 144.) Where an assessment is in fact utterly void on the ground that the assessors had no jurisdiction to impose the same, an action may be maintained to recover back money paid in satisfaction thereof without first having the assessment set aside or vacated. (*Newman* v. *Supervisors of Livingston Co.,* 45 N. Y. 676; *Strusburgh* v. *Mayor, etc.,* 87 id. 452; *Horn* v. *New Lots,* 83 id. 100; *Bruecher* v. *Port Chester,* 101 id. 244.) Where the action is brought to vacate an assessment existing as a cloud upon title the owner is the party aggrieved, and is the party in interest. (*In re Gantz,* 85 N. Y. 538; *In re Mayer* v. *Mayor,* 101 id. 284.) The assessment was void, being for the repavement of a street, and such repavement never having been petitioned for by a majority of the owners of the property on the line of street. (Laws of 1873, chap. 335, § 115; *In re Manhattan R. R. Co.,* 102 N. Y. 304; *Bruecher* v. *Port Chester,* 101 id. 240, 244.)

*D. J. Dean* for respondent. A suit in equity to vacate an assessment in the city of New York cannot be maintained. (Laws of 1858, chap. 338; *Miller's Case*, 12 Abb. 121; Laws of 1874, chap. 312; Consolidation Act of 1882, § 897; *Heckman* v. *Mayor, etc.*, 22 Hun, 591; *Matter of Gantz*, 85 N. Y. 539; *Knapp* v. *City of Brooklyn*, 97 id. 520; *Wilcox* v. *Mayor, etc.*, Supr. Ct., Special Term, 1885; *Astor* v. *Mayor, etc.*, 39 Supr. Ct. 129; 62 N. Y. 580.) The act of 1874 does not deprive the court of jurisdiction, it simply prescribes the method which the plaintiff shall pursue in attacking illegal or voidable assessments. The legislature has ample power to do this. (*Lennon* v. *Mayor, etc.*, 55 N. Y. 366; *Dolan* v. *Mayor, etc.*, 62 id. 472; *Bk. of Chenango* v. *Brown*, 26 id. 467.) *Prima facie*, and in the absence of modifying facts, it is the owner of land who is aggrieved by the imposition of an unlawful assessment. (*In re Gantz*, 85 N. Y. 538.) The facts set forth in the complaint do not constitute any cause of action, legal or equitable. (*Strusburgh* v. *Mayor, etc.*, 87 N. Y. 452; *Swift* v. *Poughkeepsie*, 37 id. 511; *Bk. of Commonwealth* v. *Mayor, etc.*, 43 id. 184; *Peyser* v. *Mayor, etc.*, 70 id. 497; *Wilkes* v. *Mayor, etc.*, 79 id. 621; *Purcell* v. *Mayor, etc.*, 85 id. 330; *Knapp* v. *City of Brooklyn*, 97 id. 520; *Mayer* v. *Mayor, etc.*, 101 id. 284; *Newman* v. *Supervisors of Livingston Co.*, 45 id. 676; *Horn* v. *New Lots*, 83 id. 100.) Where there is no statute modifying the jurisdiction of the court an action may be maintained to recover back money paid for an assessment or tax, which is void upon its face, for lack of jurisdiction in the assessor, without having first set aside the tax or assessment. (*Horn* v. *New Lots*, 83 N. Y. 100; *Newman* v. *Supervisors of Livingston Co.*, 45 id. 673, 682; *Chapman* v. *City of Brooklyn*, 40 id. 372.) An action cannot be maintained to recover back money paid for an illegal assessment, which is not void upon its face, so long as the assessment remains unvacated and unreversed. (*Swift* v. *Poughkeepsie*, 37 N. Y. 511; *Bk. of Commonwealth* v. *Mayor, etc.*, 43 id. 184; *Peyser* v. *Mayor, etc.*, 70 id. 497; *Purcell* v. *Mayor, etc.*, 85 id. 330; *Wilkes* v. *Mayor, etc.*, 79 id. 621.) The legislature has ample

power to deprive a court in equity of jurisdiction to entertain such actions. (*Lennon* v. *Mayor, etc.*, 55 N. Y. 366; *Dolan* v. *Mayor, etc.*, 62 id. 472; *Astor* v. *Mayor, etc.*, id. 580; *Bk. of Chenango* v. *Brown*, 26 id. 467.) As matter of public policy the action at bar should meet the condemnation of the court. (*In re Mahan*, 81 N. Y. 621; *In re Merriam*, 84 id. 596.)

ANDREWS, J. Upon the facts averred in the complaint the assessment imposed upon the lands of the intestate for regulating and paving Broadway, although valid on its face, was, nevertheless, void for want of jurisdiction. It was an assessment for repaving, and the ordinance of the common council directing the improvement was not based upon a petition of a majority of the property-owners as required by the charter. (Laws of 1873, chap. 335, § 115.) The work also involved an expenditure exceeding $1,000, and was not let by contract, nor was it authorized by a vote of three-fourths of the members of the common council, which is essential to justify a departure from the general rule requiring work involving an expenditure exceeding that amount to be done by contract founded upon sealed bids and proposals.

The presentation of the proper petition is the basis of the jurisdiction of the common council to incur an expense for repaving reimbursable by local assessment. The statute requiring the presentation of a petition was designed for the protection of property-owners. The initiation of the improvement without a petition was not an irregularity merely, but was a fundamental error. It was a condition precedent to the right to make an assessment for the improvement, that it should have been petitioned for by the requisite number of property-owners. (See *In re Emigrants' Savings Bank*, 75 N. Y. 389; *In re Weil*, 83 id. 543; *In re R. R. Co.*, 102 id. 302.) It is alleged in the complaint that the intestate, being ignorant of the defects in the proceedings, was required to pay, and did pay, under coercion of law, an assessment against his lands for the improvement amounting to $1,487.02, and that the claim to have the money repaid had been duly presented to the

comptroller and was rejected, and the complaint demands judgment vacating the assessment, and also for the amount paid thereon by the plaintiff, with interest. It is not controverted that if the assessment was illegal a case was presented by the complaint, which, under the general rule of law, entitled the plaintiff to relief. (*Strusburgh* v. *Mayor, etc.,* 87 N. Y. 452.) It is contended, however, that the vacation of the assessment must precede or accompany the remedy to recover back the money paid, and that the remedy by action to vacate the assessment has been taken away by chapter 312 of the Laws of 1874, amending chapter 338 of the Laws of 1858, which declares that "hereafter no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title; but owners of property shall hereafter be confined to their remedies in such cases to the proceedings under the act hereby amended," and that this remedy being taken away the right to the other relief is gone also.

The act of 1858 provided an easy and expeditious remedy for the vacation of an illegal or irregular assessment which constituted a cloud upon title without subjecting parties affected thereby to the necessity of resorting to the dilatory and expensive remedy by action. The amendment of 1874 made this remedy exclusive. But the statute only applies where there is an existing lien created by the assessment. When the lien is removed by payment or otherwise the act has no application. (*In re Lima,* 77 N. Y. 170; *In re Hughes,* 93 id. 513.) The act of 1874 did not in terms, and could not have been intended to take away all remedy to recover back money wrongfully extorted under color of an illegal assessment. It confines owners of property to the remedy given by the act "in such cases;" that is, where the remedy sought is the vacation of an assessment and the cancellation of an existing lien. The right of action in this case arises out of the unlawful exaction of money from the plaintiff under illegal process, which on being paid operated to cancel the lien. It is not touched by the act of 1874. (See *Strusburgh* v. *Mayor,*

*etc., supra.*)  The assessment having been imposed without jurisdiction, it was not essential that it should be first vacated in order to enable the plaintiffs to recover back the money paid thereon.  A void assessment, like a void judgment, is a nullity, and when its collection has been enforced, the money may be recovered back, although the assessment has not been formally vacated.  (*Breucher* v. *Village of Port Chester,* 101 N. Y. 240.)  If, however, the vacation of the assessment was necessary, that relief may be had in this action, in connection with relief for the recovery of the money which the plaintiffs' testator was illegally compelled to pay.

The judgment should, therefore, be reversed, with leave to the defendant to answer on payment of costs.

All concur.

Judgment reversed.