ANNA ELLIOTT DE MONTSAULNIN, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Action to declare an assessment which has been paid invalid and to recover the sum paid — when it can be maintained —* 1858, *chap.* 338, *as amended by chapter* 312 *of* 1874 — *chap.* 410 *of* 1882, *sec.* 897.

Chapter 338 of 1858, as amended by chapter 312 of 1874, provides: "Hereafter no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall hereafter be confined to their remedies in such cases to the proceedings under the act hereby amended."

*Held*, that this prohibition only applied to those cases in which the assessment was, at the time of the proceedings or action, a lien upon the real estate intended to be affected by it, and that when such assessment was no longer a lien because of payment an action might be brought to declare the assessment invalid and to recover back the amount paid.

*Fox* v. *The Mayor* (103 N. Y , 536) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of the action at a Special Term.

*G. L. Sterling*, for the appellant.

*David G. Acker, Jr.*, for the respondent.

VAN BRUNT, P. J.:

This was an action brought to declare an assessment which had been paid invalid, and to recover back the sum paid.

It is claimed upon the part of the appellants that no action will lie to declare an assessment invalid, because of the provisions of chapter 338 of the Laws of 1858, as amended by chapter 312 of the Laws of 1874, which reads as follows :

"Hereafter no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall hereafter be confined to their remedies in such cases to the proceedings under the act hereby amended."

This provision was incorporated in the consolidation act of 1882. The question we do not consider is open to discussion in this court, in view of the decision of the Court of Appeals in the case of *Jex v. The Mayor* (103 N. Y., 536). In that case the court distinctly hold that the prohibition contained in the act of 1858, as amended in 1874, applied only to those cases in which the assessment was, at the time of the proceeding or action, a lien upon the real estate intended to be affected by it, and that when such assessment was no longer a lien because of payment, that an action might be brought to declare the assessment invalid, and to recover back the amount paid.

It is true that in the case above cited the court held that the action might be maintained because of want of jurisdiction to levy the same, but the rule above stated was distinctly enunciated and must be followed by us.

Judgment appealed from affirmed, with costs.

BRADY and BARTLETT, JJ., concurred.

Judgment affirmed, with costs.