Van Brunt, P. J.
Whatever may be our opinion as to right of a party to maintain an action in equity for the vaction of any assessment in this city after payment, because of the prohibition contained in section 897 of the consolidation act of 1882, we think that the court of appeals in the case of Jex v. The Mayor (103 N. Y., 540; 3 N. Y. State Rep., 657), have determined the question in favor of the plaintiff herein.
The court there held that the statute applied only where there was an existing lien created by the assessment and that when such lien is removed by payment or otherwise, the act has no application. This adjudication leaves no room for discussion and must control as long as it stands unimpaired by any subsequent decision by the same court.
The admission in evidence of the order in the case of Hunter was error.
This is apparent when we consider that if the petitioner in that case had been defeated in his proceeding, the order in favor of the city would not have precluded this plaintiff from asserting his rights in another proceeding. If this plaintiff had claimed and proved in this action that he was entitled to a greater proportionate reduction of the assessment than Hunter had obtained, the order in the case of Hunter would have been no answer to such proof.
Therefore as in no event could the city have availed themselves of the judgment in the Hunter Case against the plaintiff, this plaintiff cannot avail himself of that judgment as evidence against the city. It was, therefore, error to admit this order in evidence as against the defendants.
It has been suggested that because the order or judgment in the Hunter Case was alleged in the case of the plaintiff and the existence of such an order was admitted by the-answer of the defendant, that therefore it became competent proof although it could not properly have been admitted in the absence of such allegation and admission. It is not very apparent in what manner this condition of the record, even if it existed, could affect the admissibility of the proof, and thereby make it relevant. A fact may exist, but its existence does make it competent proof. Such fact, although it exists, may be entirely irrelevant to the controversy between the parties.
The admission in the answer of the corporation is simply the concession of a fact alleged in the complaint of the existence of which it is presumed to have knowledge, and *344 which.it could not therefore deny. The defendant in no way thereby waived its right to claim that although that fact did exist it could not be availed of by the plaintiff as against the defendant.
If A sued B upon a promissory note, and C sued B upon another promissory note, the allegation in C’s complaint of the existence of A’s suit, and the admission that such a suit existed in the answer of B could not possibly make the existence of such suit relevant in C’s action if it would be otherwise improper to admit it. Therefore, the mere fact of the allegation in the complaint of the existence of the Hunter order, if the complaint contained such allegations, and the admission of the existence of the order by the corSoration would not deprive them of their right to object te ie admissibility of the evidence.
It may be suggested, also, in passing that the identity between the order or judgment-alleged in the complaint and admitted by the answer with the order or' judgment put in evidence is not established, the dates of the two being two years apart and the petitioners different.
The judgment'appealed from must be reversed.and a new trial ordered, with costs to the appellant to abide the event.
Bartlett, J., concurs.