Van Brunt, P. J.
In the case of Jex v. The Mayor (103 N. Y., 536; 3 N. Y. State Rep., 657), the court held that an action might be brought to recover the money back, paid upon a void assessment, although the assesment has not been formally vacated.
In the case at bar the complaint alleges that the assessment was void because there was no jurisdiction to levy the same, and, if this be true, this action to recover back *546 the money paid, can be maintained although the assessment has never been formally vacated. Under such circumstances the six years ’ Statute of Limitations must apply.
A party cannot take his right of action out of the operation of the Statute of Limitations by asking in his complaint for unnecessary equitable relief.
The question then arises, has the statute been properly pleaded.
The allegation in the answer is, that the cause of action contained in said complaint has accrued more than six years before the commencement of the action.
This is a perfectly good plea of the statute, as has been repeatedly recognized.
The right to bring an action did not exist until the expiration of the thirty days after demand, and it was then that the statute commenced to run if the demand was properly made.
The cause of action and the right to commence an action in such a case would seem to be synomymous terms and the pleading clearly sets forth that it was intended to allege that six years had elapsed since the right to sue had accrued.
If there are any facts which have prevented the statute from applying to the case at bar, these must be proved by the plaintiffs upon the trial as a reply to the defense set up in the answer, but the plea as alleged, formed a good defense if true, and should not have been overruled upon a demurrer.
Judgment and order reversed, and plaintiffs allowed to-withdraw the demurrer upon payment of the costs of the special term, and this appeal.
Brady and Daniels, JJ,, concur.