DIEFENTHALER *v.* CITY OF NEW YORK.[1]

(*Supreme Court, General Term, First Department.* March 2, 1888.)

1. MUNICIPAL CORPORATIONS—ILLEGAL STREET ASSESSMENT—ACTION TO RECOVER.
    In order to maintain an action to recover a portion of a street assessment alleged to be illegal, proceedings need not be first taken under Laws N. Y. 1880, c. 550, to vacate or reduce such assessment.

2. SAME—ACTION TO RECOVER ILLEGAL ASSESSMENT—LIMITATION.
    When the answer in such case sets up the six-years statute of limitation, and denies all plaintiff's allegations of facts *dehors* the record which render the assessment void, a good defense is stated.

Appeal from special term, New York county.

Action by Valentine Diefenthaler against the mayor, etc., of the city of New York, to recover an excess in a street assessment for the year 1874. From a judgment sustaining a demurrer as to one and overruling it as to another defense in defendant's answer both parties appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*D. D. Acker, Jr.,* for plaintiff. *G. L. Sterling,* for defendant.

VAN BRUNT, P. J. This action was brought to have an assessment declared illegal, to the extent of 48.3 per cent. thereof, and to recover the amount of the alleged excess which had been paid in 1874. The answer set up, among other things, the two separate defenses that the assessment had not been reduced under chapter 550 of the Laws of 1880; and, *secondly*, that the six-years statute of limitations applies. The plaintiff demurred to each of these defenses. The demurrer was sustained as to the first separate defense, and overruled as to the second.

The demurrer seems to have been properly sustained as to the first defense. The reasoning in the case of *Jex* v. *Mayor*, 103 N. Y. 536, 9 N. E. Rep. 39, in favor of the right to commence an equitable action to vacate an assessment, notwithstanding the prohibition contained in the act of 1874 amending the act of 1858, applies equally to the prohibition contained in chapter 550 of the Laws of 1880; the result being that such prohibition relates only to those cases in which the assessment is a lien upon the property affected thereby.

The demurrer was properly overruled as to the second defense. It is admitted by the counsel for the plaintiff that, if the assessment was void for want of jurisdiction, the six-years statute of limitations might be claimed to apply, in view of the decision in the case of *Jex* v. *Mayor, supra;* and as the allegations in the complaint as to the defects in the assessment being *dehors* the record are denied, there is no presumption that such defects are *dehors* the

[1] This case was decided before the publication of the New York Supplement was commenced, and is printed here to explain Zborowski v. City of New York, *post*, 913.

record, and by demurring to this defense the denial of the allegation in the complaint is virtually admitted to be true. The court, therefore, could not sustain the demurrer upon the ground that the six-years statute could not apply, because the fact which would take the case out of the operation of such statute was not admitted by the pleadings.

The judgment should therefore be affirmed, without costs to either party.

BARTLETT and MACOMBER, JJ., concur.