JOHN POTH, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

1. ASSESSMENT FOR LOCAL IMPROVEMENT — COMPULSORY PAYMENT. The payment of an alleged illegal assessment for a local improvement, after active legal proceedings have been instituted for its collection on the part of the municipality by a sale of the payer's property, is not to be regarded as voluntary, but the result of legal compulsion.

2. ILLEGAL AND LEGAL ITEMS BLENDED IN ASSESSMENT. Where it appears that an assessment sought to be enforced against a property owner is made up of different items or elements, all blended together, some of which are illegal and others legal, he may resist the payment of the whole, in the absence of some statute which modifies the general rule.

3. NEW YORK CITY — DEFECTIVE STREET ASSESSMENT. The original defect in the assessment confirmed July 20, 1885, for regulating First avenue, between Ninety-second and One Hundred and Ninth streets, in the city of New York, arising from the fact that the expenditure was made under an illegal contract, has not been cured by special legislation.

4. THE CONSOLIDATION ACT — RECOVERY OF PAID ILLEGAL ASSESSMENT. The provisions of the New York City Consolidation Act (L. 1882, ch. 410) prohibiting the reduction or disturbance, beyond the fair value of the improvement, of any assessment for a local improvement, do not apply to a common-law action brought by a property owner to recover from the city money paid by him upon an illegal assessment, by coercion of law to prevent a sale of his property, and do not prevent a recovery in such action of the entire amount of the assessment so paid by him.

*Poth* v. *Mayor, etc., of N. Y.,* 77 Hun, 225, affirmed.

(Argued October 12, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made April 13, 1894, which denied a motion for a new trial made upon exceptions ordered to be heard in the first instance at General Term, overruled the exceptions and ordered judgment in favor of plaintiff upon a verdict directed by the court.

This action was brought to recover the amount of an alleged illegal assessment imposed upon the property of plaintiff and paid to the defendant to prevent its sale for the non-payment thereof.

The facts, so far as material, are stated in the opinion.

*Francis M. Scott, David J. Dean* and *George L. Stirling* for appellant. It is immaterial whether the expense was legally incurred or not. The assessment has been authorized by special acts of the legislature (L. 1871, ch. 598, as amended by L. 1880, ch. 557, and L. 1881, ch. 468) and the certificates made thereunder. All actions taken by the authorities in regard to this improvement have.been validated by the legislature, even if any of them were originally illegal. (*Brown* v. *Mayor, etc.,* 63 N. Y. 239; *People ex rel.* v. *Spicer,* 99 N. Y. 225; *Mayor, etc.,* v. *T. N. Bank,* 111 N. Y. 446; *O'Hara* v. *State,* 112 N. Y. 146; *In re Kendall,* 85 N. Y. 302; *Town of Guilford* v. *Bd. Suprs. C. Co.,* 13 N. Y. 143; *Brewster* v. *City of Syracuse,* 19 N. Y. 116; *People ex rel.* v. *Smith,* 21 N. Y. 595; *Meech* v. *City of Buffalo,* 29 N. Y. 198; *Darlington* v. *Mayor, etc.,* 31 N. Y. 164.) If we are wrong in our position, then the items making up the assessment should be separately considered and the city allowed to retain any which are legal. (L. 1882, ch. 410, §§ 878, 879; *Doughty* v. *Hope,* 3 Den. 249; *Diefenthaler* v. *Mayor, etc.,* 111 N. Y. 331.) The payment in this case was voluntary, and hence cannot be recovered. (*Tripler* v. *Mayor, etc.,* 125 N. Y. 617; *Lennon* v. *Mayor, etc.,* 55 N. Y. 361; *U. L. T. Co.* v. *Grant,* 137 N. Y. 7.)

*James A. Deering* for respondent. The assessment was illegal and void. (*In re Cullen,* 119 N. Y. 628; 53 Hun, 534; *In re N. Y. Inst. for Deaf & Dumb,* 121 N. Y. 234; *In re Robbins,* 82 N. Y. 131; *In re Lange,* 85 N. Y. 307; *In re M. R. R. Co.,* 102 N. Y. 304; *Tripler* v. *Mayor, etc.,* 125 N. Y. 617; *In re Holly,* 25 Hun, 119; *In re Stephens,* 26 Hun, 23; *McDonald* v. *Mayor, etc.,* 68 N. Y. 23; *Parr* v. *Vil. of Greenbush,* 72 N. Y. 463; *Brady* v. *Mayor, etc.,* 20 N. Y. 312.) As the assessment was illegal, the plaintiff is entitled to recover the entire amount paid by him to discharge the lien of the assessment upon his property. (*Vaughn* v. *Village of Portchester,* 135 N. Y. 462; *Peyser* v. *Mayor, etc.,* 70 N. Y. 497; *Horn* v. *Town of New Lots,* 83 N. Y.

100; *Bruecher* v. *Village of Portchester,* 101 N. Y. 240; *Tripler* v. *Mayor, etc.,* 125 N. Y. 617; 139 N. Y. 1; *People ex rel.* v. *Carter,* 119 N. Y. 560; *Diefenthaler* v. *Mayor, etc.,* 111 N. Y. 331; *People ex rel.* v. *Myers,* 135 N. Y. 465; *M. L. Ins. Co.* v. *Mayor, etc.,* 144 N. Y. 494; L. 1882, ch. 410, §§ 897, 903; *In re Smith,* 99 N. Y. 424.) The plaintiff is entitled to judgment for the whole sum paid by him, as all the items charged are illegal. The judgment should not be reduced to the fair value of the work as found by the special verdict. (*In re Lange,* 85 N. Y. 307; *In re M. R. R. Co.,* 102 N. Y. 304; *In re Holly,* 25 Hun, 119; *In re Stephens,* 26 Hun, 23; *McDonald* v. *Mayor, etc.,* 68 N. Y. 24; *Parr* v. *Vil. of Greenbush,* 72 N. Y. 463; *Brady* v. *Mayor, etc.,* 20 N. Y. 312; *Donovan* v. *Mayor, etc.,* 33 N. Y. 291.)

O'BRIEN, J. The plaintiff recovered the amount of a local assessment imposed upon his property by the authorities of the city of New York, for regulating First avenue, between Ninety-second and One Hundred and Ninth streets. It was confirmed on the 20th of July, 1885. In November, 1890, proceedings were taken by the city to sell the parcels of real estate upon which the assessment was claimed to be a lien. The notice of sale stated that in case of default in the payment of the assessment, the lands would be sold on the 2d day of March, 1891. On the 5th of January, 1891, the plaintiff paid the assessment, with interest, and expenses of advertising, amounting at that date to the sum of $3,541.89.

It is alleged that the assessment was wholly illegal and void, and that the plaintiff was compelled to pay it by legal coercion.

The plaintiff having paid the assessment after active legal proceedings had been instituted for its collection on the part of the city by a sale of his property, the payment is not to be regarded as voluntary but the result of legal compulsion. (*Bruecher* v. *Port Chester,* 101 N. Y. 240; *Redmond* v. *Mayor, etc.,* 125 N. Y. 632; *Tripler* v. *Mayor, etc.,* Id. 617; *Vaughn* v. *Port Chester,* 135 N. Y. 460.)

The expenditure for this improvement was made under the authority of an ordinance of the common council adopted February 3, 1868, but it seems that the statutory notice which must precede such ordinances was not given or published, and the contract for the work was let without advertisement or competitive bidding, in violation of the provisions of the city charter, then in force, and the prices stipulated to be paid to the contractor were greatly in excess of the value of the work.

It is conceded, as we understand, that the original contract and expenditure under it were unauthorized by law, and that neither the city nor the property owners on the line of the work were bound or charged thereby. In other words, the improvement, or the greater part of it, at least, was commenced and the expense incurred under an arrangement between the city officers and the contractor that was so far illegal and void that it could not become the basis of any legal assessment on the property sought to be charged. The work was finally completed in the year 1882 under a contract made in April of that year, which was in accordance with law, but only about $20,000 of the expenditure was made under this contract. We understand it to be admitted that the items included in the assessment for work and material under this contract are legal, and could, if standing alone, have been properly assessed upon the property benefited.

Where, however, it appears that the tax or assessment sought to be enforced against the property owner is made up of different items or elements all blended together, some of which are illegal and others legal, he may resist the payment of the whole in the absence of some statute which modifies the general rule. (*People* v. *Hagadorn,* 104 N. Y. 516.)

But the learned corporation counsel contends that whatever may have been the origin of the expenditure made by the city, and however illegal the contract under which it was made, it was subsequently ratified by the legislature and the assessment was imposed by the same authority.

When a public improvement has been made under the authority of the city, but without compliance with the law providing for assessing the expense upon the property benefited, and an assessment made fails by reason of jurisdictional or other defects, it is in the power of the legislature, upon notice to the property owners, to ascertain the amount of the expense and impose the same in the form of an assessment upon the property benefited. (*Spencer* v. *Merchant,* 100 N. Y. 585.; *S. C.,* 125 U. S. 345; *Stuart* v. *Palmer,* 74 N. Y. 183.)

It is asserted that in this case, after the contract was made, the legislature, by special acts, authorized the city authorities to assess the same upon the local property benefited (Laws 1880, ch. 557; Laws 1881, ch. 648), and hence the assessment is legal. This theory, upon which it is sought to establish the validity of the assessment, is, we think, successfully met and answered by two objections. (1) Before the assessment was imposed, these special acts were repealed or superseded by the Consolidation Act which provided for all cases of assessments. (Laws 1882, ch. 410.) (2) It has been judicially determined that these special acts did not conclusively bind the property owners as to the validity of the assessment or the quantity or the value of the work (*In re Cullen,* 53 Hun, 534; *S. C.* affd., 119 N. Y. 628), and we cannot now depart from the legal results implied in those decisions. The original defect arising from the fact that the expenditure was made under an illegal contract, has not, therefore, been cured, and this infirmity still inhered in the assessment when paid. (*In re N. Y. Inst. Deaf and Dumb,* 121 N. Y. 234; *In re Livingston,* Id. 94.)

The learned corporation counsel finally insists that in any event the plaintiff was not entitled to recover anything beyond his just proportion of the excess of the cost of the improvement over its fair value and benefit, or then that the various items entering into the assessment should be separately considered, and the city allowed to retain any which are legal. These two propositions may be treated together. They depend upon the construction which should be given to a system of statute law

contained in the Consolidation Act relating to local assessments of this character.

Section 897 provides that no action in equity or otherwise shall be commenced for the vacation of any assessment, or to remove a cloud upon title, but the owners shall be confined to the remedies prescribed by that title.   On careful examination of the title in which this section is found, it is apparent that it was a careful attempt to prescribe remedies in equity for vacating, correcting or reducing assessments.   Those remedies are more specifically defined and provided for in the five sections which follow, and then section 903 contains the provision which it is claimed should be applied to this case. It reads as follows:   "No court shall vacate or reduce any assessment in fact or apparent, confirmed after June ninth, eighteen hundred and eighty, whether void or voidable, on any property for any local improvement hereafter completed, otherwise than to reduce any such assessment to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents by reason of fraud or substantial error ; and in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause."   This is not an action to vacate or reduce an assessment, but to recover money which the plaintiff paid upon an illegal assessment by coercion of law.   Nor can it be said that the result in this case has *disturbed* any assessment, since none existed after the payment by the plaintiff to the city of the amount assessed and interest.   The question is whether this section and the other provisions of the title in which it is placed have any application to a common-law action like this to recover back the amount of an illegal assessment paid by the landowner under the circumstances stated.   This court has held that actions of this character may be maintained by the property owner, notwithstanding the provisions of the title of the Consolidation Act with respect to assessments.   (*Jex* v. *Mayor,*

*etc.*, 103 N. Y. 536; *Diefenthaler* v. *Mayor*, *etc.*, 111 N. Y. 331; *Tripler* v. *Mayor*, *etc.*, 125 N. Y. 617.)

It has not, however, decided anything with respect to the measure of the recovery. The point decided was that in such actions it was no obstacle to the plaintiff's success that he had not resorted to the equitable proceedings prescribed by the title referred to for relief. The right of the property owner to stand upon his legal remedies when it is sought to enforce the assessment against his property still remained. (*Chase* v. *Chase*, 95 N. Y. 373; *In re Smith*, 99 N. Y. 424; *People ex rel. Martin* v. *Myers*, 135 N. Y. 465; *Scudder* v. *Mayor*, *etc.*, 146 N. Y. 250.) The construction for which the learned corporation counsel contends would doubtless promote justice. When the owner of property has received benefits from an improvement and is assessed therefor, but the proceedings are without jurisdiction or otherwise defective, there is great force in the suggestion that he ought not to be allowed to retain the benefits and recover back the illegal assessment. It would be equitable to hold that in such cases his recovery should be limited to his proportion of the excess of the cost over the fair value of the improvement, or to the illegal items which he was obliged to pay. But we think that such result cannot be obtained by any fair construction of the statute. When all the provisions of the title are read together it is quite apparent that they were intended to apply to cases where the property owner attacked the assessment by some affirmative proceeding in equity to vacate, reduce or correct the charge which had been imposed upon his land. The legislature did not intend to deal with a case like this, where the property owner has paid the assessment and then resorts to his common-law right to recover it back. The remedy of the property owner in such a case has not been changed by the statutory scheme contained in the Consolidation Act. The right to bring such an action as this was doubtless overlooked, and however just or desirable it may be to limit the right of recovery to the items in the assessment paid that are illegal, or to the proportion of the excess of

the cost over the fair value of the improvement, it would involve an extension of the statute beyond its fair scope and purpose.

What the statute forbids to the property owner is the right which formerly existed, to attack the assessment by an action in equity, and in place of that there was substituted the remedies prescribed in the title which deals with assessments.

But the right to resist the enforcement of the assessment or to recover it back when paid, in actions at law, is not touched by the statute. While this court has not before been called upon to determine whether in such actions the plaintiff's damages could be limited by the provisions of section nine hundred and three, it has held, in many of the cases cited, that the provisions of the Consolidation Act presented no obstacle to the property owner to pursue all remedies afforded by the common law. In order to arrive at that conclusion, it had to hold, and did hold, that the title of the Consolidation Act referred to applied only to such suits or proceedings as are therein specified, that is, actions or proceedings in equity to vacate or reduce the assessment. The contention of the learned corporation counsel cannot be sustained without disregarding this principle. We have reviewed the cases in which this court has passed upon that question, and when they are read with the various provisions of the statute, we think they cover the case at bar.

If we were at liberty to treat the question as a new one, it is difficult to see how any other conclusion could be reached. In order to apply to such an action as this the provision that in no event shall an assessment be disturbed beyond the fair value of the improvement, the courts would be obliged by strained construction to give to the statute a scope and meaning which we are satisfied was never intended. If it is desirable or just that in such actions the plaintiff's measure of damages should be so limited, the change should be made by the legislature and not by the courts.

When lands are sold under an invalid or void assessment, we think it would be no answer to an action on the part of

the owner to recover his property to show that the improvement for which the assessment was made was highly beneficial to the property, or that some items included in it were proper and legally incurred.

The same principle must, we think, be applied in a case where the property owner, in order to prevent a sale, pays the assessment and then calls upon the city for restitution. The statute evidently does not reach such cases.

For these reasons, we think that the judgment must be affirmed.

ANDREWS, Ch. J., GRAY and VANN, JJ., concur; BARTLETT and HAIGHT, JJ., dissent; MARTIN, J., not sitting.

Judgment affirmed.