(67 App. Div. 90.)

HAVENS et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

1. STREET ASSESSMENT—INVALIDITY—RECOVERY BY TAXPAYER.

The right of a party paying a void street assessment under protest, to recover the same, cannot be defeated by the mere fact that he has been benefited by the improvement.

2. SAME—DURESS—KNOWLEDGE OF ILLEGALITY—EFFECT.

Payment of a void street assessment, which has been confirmed and demanded by the proper authorities, is not made under duress, so as to authorize recovery thereof by the taxpayer, even though made under protest, where he has knowledge of the invalidity at the time payment is made, and has previously objected to the assessment on such ground.

3. SAME—CERTIFICATE OF EXPENSE OF IMPROVEMENT—FALSITY.

The certificate of the expense of a street improvement, reciting the expense as $165,000, was not shown to be false, so as to invalidate the assessment, notwithstanding that at the time it was issued only $107,000 had been paid to the contractor, where the latter sum, together with subsequent payments to him, and for surveyors' and inspector's fees, and the amount retained by the city for various reasons, aggregated within $20 of the amount recited.

4. SAME.

The certificate of the expense of a street improvement is not shown to be false, so as to invalidate the assessment, and entitle the taxpayer to recover the same from the city, by the mere fact that in a suit by the contractor to recover the amount retained by the city it set up in defense that the certificate was false; there having been no final adjudication in such suit determining that fact.

5. SAME—PUBLICATION OF ORDINANCE.

Under Consol. Act, § 80, providing that, after the adjournment of the board of aldermen, the clerk should prepare for publication a brief extract of all resolutions and ordinances interposed and passed, omitting all technical details, failure to publish an ordinance for a street improvement did not invalidate an assessment therefor, where the resolution of the board of aldermen specifying the improvement was published, including the statement therein that the ordinance was adopted.

Appeal from trial term, New York county.

Action to recover a street assessment paid under protest by John Havens and another against the mayor, aldermen, and commonalty of the city of New York. Judgment dismissing the complaint, and plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-. TERSON, O'BRIEN, and LAUGHLIN, JJ.

Jas. A. Deering, for appellants.

George L. Starling, for respondent.

PATTERSON, J.   On the 15th of July, 1895, the plaintiffs were the owners of certain lots of land on Dyckman street, in the Twelfth ward of the then city of New York.   On that day an assessment was confirmed by the authorities of the city for regulating, grading, and otherwise improving Dyckman street from the Hudson river to Ex-. terior street.   The lots owned by the plaintiffs were four in number. The portion of the total assessment with which their land was charged was the sum of $5,600, and that amount became a lien upon such land. On the 27th of July, 1895, the clerk of arrears of the city of New York notified all persons affected by the assessment of the confirmation thereof, which notification was by advertisement, contained a demand for the payment of the assessment on or before the 15th day of September, 1895, and stated that in default of payment on or before the time mentioned interest would be added at the rate of 7 per cent. per annum from the date of the confirmation of the assessment.   On the 11th of September, 1895, one of the plaintiffs, to prevent the accruing of interest and to remove the lien of the assessment from the property, paid to the clerk of arrears of the city of New York the full sum of $5,600.   That payment was made under protest, and on the ground that the whole assessment was illegal.   This action was brought to recover from the city the amount thus paid by the plaintiffs, they claiming that the payment was of an assessment apparently valid and regular upon its face; that it was in fact illegal and void; that the board of assessors of the city of New York had no jurisdiction to levy the assessment, or the board of revision and correction of assessment lists to confirm the same; that the facts constituting the illegality and want of jurisdiction did not appear by the assessment list nor in the record of the proceedings relative to said assessment; and that payment was made in ignorance of the facts constituting the invalidity and illegality of the assessment.   On the trial of the action, which was by the court (a jury having been waived) after evidence was presented by both parties, the complaint was dismissed; the court holding that, assuming that the assessment was paid under duress, its invalidity had not been established by the evidence.   It was determined by the court in its conclusions of law that the improvement of Dyckman street was duly made, and that the plaintiffs had not borne more than their just share of the expenses thereof; that the matters complained of by them not only did not prejudice or impair their rights, but, on the contrary, inured to their benefit, and resulted in a positive advantage to their interests.

Some of the expressions of the trial judge in rendering his decision would indicate that the dismissal of the complaint was based upon an equitable consideration alone.   The single circumstance that the plaintiffs had received benefit from the improvement cannot be effective to defeat an action of this character, which is one at law, brought by a property owner to recover from the city money

paid by him upon an illegal assessment, under alleged compulsion of law, and to prevent a sale of his property. In such an action, on a proper showing, a recovery may be had of the amount of assessment so paid. The provisions of sections 897 and 903 of the consolidation act do not affect this case. Poth v. Mayor, etc., 151 N. Y. 16, 45 N. E. 372. Where an assessment apparently regular is in fact void, an action may be maintained to recover back money not voluntarily paid in satisfaction thereof. Poth v. Mayor, etc., supra; Jex v. Mayor, etc., 103 N. Y. 536, 9 N. E. 39; Peyser v. Mayor, etc., 70 N. Y. 497, 26 Am. Rep. 624; Mutual Life Ins. Co. v. Mayor, etc., of City of New York, 144 N. Y. 494, 39 N. E. 386; Scudder v. Mayor, etc., 146 N. Y. 245, 40 N. E. 734. Such an action is for money had and received, governed, it is true, by equitable considerations; but the one isolated fact that a person has been benefited by the work or improvement for which the assessment is imposed is not sufficient, under the authorities, to prevent a recovery.

The plaintiffs' right in this action is claimed under the authority of Peyser v. Mayor, etc., supra, in which it was held that where payment is made of an assessment which has been confirmed, and the proceedings connected with which are apparently in all respects regular upon their face, and payment has been demanded by the authorities, and seems to be lawfully and rightfully due them, such payment is made under coercion of law. The lien of an assessment in that case is compared to that of a judgment against a party who cannot resist the execution of it, and (to quote from the opinion of the court), "as he cannot resist the execution of it when execution is attempted, he may as well pay the amount at one time as at another, and save the expense of delay." "But," as remarked in Tripler v. Mayor, etc., 125 N. Y. 626, 26 N. E. 723, "the opinion in the Peyser Case proceeds upon the assumption that the party paying was not aware of the facts which rendered the assessment void"; and it was held in the Tripler Case that where one upon whose land an assessment is laid apparently valid, but by reason of facts extrinsic to the record is actually void, pays it with full knowledge of those facts, before any attempt has been made to enforce it, the payment may not be regarded as an involuntary one, made under coercion of law. In the case now before us there was no duress in fact, and it follows from the Tripler Case that notwithstanding the general definition of coercion in law, as applied in the Peyser Case, if payment is made with knowledge of the facts constituting the illegality of an assessment there is no such coercion of law as will authorize a recovery back of the money paid, and the general rule of law as to voluntary payments applies; for the Peyser Case, as before remarked, has been interpreted by the court of appeals as proceeding on the theory that the party there paying the assessment was ignorant of the facts rendering it void, and payment was made, as in the present case, after notice and demand. The reasoning of the court in the Tripler Case supports the conclusion mentioned, although it must be said that some differences between it and the Peyser Case are pointed out in the opinion. Those differences, however, do not impair the reasoning referred to, nor did they furnish the motive of the decision.

We are thus brought to the consideration of the grounds upon which the assessment attacked by these plaintiffs is claimed to be void, and to inquire as to their knowledge of the facts constituting the asserted illegality thereof. It is to be noticed that, in the findings of fact made by the trial judge, there is none that the payment was made in ignorance of any of the facts. The objections taken to the assessment in the court below and here are—First, that the work authorized by the ordinance of the common council providing for the improvement of Dyckman street was not performed; second, that the certificate by the commissioner of public works as to the amount of expense incurred was false; third, that neither the ordinance providing for the work, nor an abstract of it, was published in the official paper of the municipality, known as the "City Record."

Concerning the first objection to the assessment, it must be conceded that the work of regulating and grading Dyckman street was not fully performed by the person with whom the city contracted for that work. By resolution of the board of aldermen, adopted May 12, 1891, it was "resolved that Dyckman street from Hudson river to Exterior street be regulated and graded, the curbstones set and sidewalks flagged a space four feet wide through the center thereof, under the supervision of the commissioner of public works, and that the accompanying ordinance therefor be adopted." Pursuant to the resolution and ordinance, the commissioner of public works advertised for bids, and subsequently a contract was entered into between the city and William E. Dean for regulating and grading Dyckman street from Hudson river to Exterior street, and setting curbstones and flagging sidewalks therein. Plans and estimates were also prepared, but they did not include that part of Dyckman street which lay between the easterly line of the Hudson River Railroad and the Exterior street on the Hudson river, a distance of 211 feet, nor that part of Dyckman street which extended for a distance of 1221 feet easterly to the Exterior street on the Harlem river, and the contractor did not perform the work on those omitted portions of Dyckman street, although the city of New York at its own expense subsequently completed the work at the easterly end, in connection with what is called the "Speedway," a public driveway authorized by chapter 102 of the Laws of 1893, and chapter 8 of the Laws of 1894. We need not determine whether these omissions rendered the assessment void, because, if we are right as to the rule of law applicable under the Tripler Case, the plaintiffs knew at the time they paid the assessment that the work had not been completed in accordance with the ordinance and the contract. Mr. Havens, one of the plaintiffs, had full knowledge of the facts. He was a member of, or connected with, a taxpayers' association, and was present at a hearing accorded by the comptroller of the city of New York to representatives of that association, and to property owners interested in this assessment who had protested against it. That hearing was held on the 27th of February, 1895, and some months after the commissioner of public works had certified to the board of assessors the amount of expense incurred on account of the work done by the contractor upon Dyckman street. At that hearing Mr. Havens

was present, and personally stated his own objections to the assessment, and at the same meeting other objections of the taxpayers' association were presented in a report which was read, and among them is the following, viz.:

"Sixth. The location of the work was to extend from the Hudson river to the Exterior street on the Harlem river. It stops short of a great distance from said river, and, unless otherwise provided, would leave a great gap between the Speedway and Dyckman street."

In the course of the discussion at the hearing, Mr. Havens remarked as follows:

"Judging from what this gentleman (counsel for the contractor) has read here, this department admits that the contractor has not performed according to his contract; that there are things which have got to be corrected. Now, it seems to me only legal that no contract is completed and to be paid for while there is work still incomplete, and we do not know to what extent that is true. There is no way of calculating that I know of. They admit that it has not been done according to contract, to some extent."

Hence not only have the plaintiffs failed to show that their payment was made in ignorance of the facts, but it is shown that it was made with knowledge of the facts, so far as they related to the work not having been done in accordance with the requirements of the ordinance and of the contract entered into between Dean and the city. Again, if we are right in our understanding of the rule in the Tripler Case, the plaintiffs having knowledge of the facts could not change a legal situation by merely using at the time of payment, and in connection therewith, the formula that they paid under protest.

Concerning the second objection, namely, the falsity of the certificate of the commissioner of public works as to the amount of the expense incurred, it is evident that an inquiry into the facts is necessitated. Have the plaintiffs shown that such certificate is false? Does it certify, as claimed, an amount greatly in excess of the actual cost to the city of the improvement? The certificate to the board of assessors made by the commissioner of public works bears date November 2, 1894. By that certificate it is represented that the total amount of expense incurred was $165,071.69. At that time only $107,979.66 had been paid to the contractor. On January 18, 1895, the comptroller of the city of New York paid an additional sum of $40,000 on account of the contract, which would make a total thus far of $147,979.66. At the time the last payment was made several items were retained, one of $1,097, as repairing security, another of $10,564.26, retained pending investigation, and another of $682.50 for alleged defective curbing, making in all $160,323.42; and this aggregate, together with $4,748.27 paid for surveyors' fees and inspectors' wages, make the sum of $165,071.69, within $20, which is an error unaccounted for.

It is contended, however, by the plaintiffs that the certificate was false, because in a litigation between Dean, the contractor, and the city, the latter took the attitude that Dean had not completed his contract, that he was not entitled to recover the amount retained by the city, and that he was liable to it upon a counterclaim which it interposed. This litigation between the contractor and the city seems to have been instigated by the property owners affected by the assess-

ment. In the action brought by Dean he relied upon a final certificate given by the engineer or surveyor in charge of the work. The defendant in its answer set up that that certificate was false, and that the commissioner of public works, relying upon its truth, made his certificate of the amount due to the contractor as $160,-323.42, as above indicated. It is argued by the plaintiffs that the answer of the defendant in the Dean suit shows that the certificate of the commissioner of public works was false in fact, but it has not been established by anything finally adjudicated in that litigation that the certificate of the commissioner of public works was false in fact. On the trial of the Dean Case, the defendant recovered upon a counterclaim, and that judgment was affirmed by this court (45 App. Div. 605, 61 N. Y. Supp. 374); but in the court of appeals the judgment was reversed, and a new trial ordered. What may be the final result of that litigation cannot be foretold, but the plaintiffs have not shown that the contractor was not entitled to the amount he claimed in that action, and the intimations, so far as they are made in the dissenting opinion in that case in this court and in the opinion of the court of appeals, would rather indicate that the city was liable for that amount. It is enough, however, to say that falsity of the certificate is not to be predicated upon a supposition that it may be false, or that the city, for the purposes of resisting a claim of the contractor, has taken the attitude that it was false. The question is, was it false in fact? and that has not been shown.

Further, the technical objection is taken that the ordinance for the improvement of Dyckman street was void because it was not published in accordance with the requirement of law. Section 50, Consol. Act. The contention is made that that section of the law was violated for the reason that, while the resolution of the board of aldermen was published, the ordinance adopted was not published. The publication made in the City Record was of the resolution referring to the ordinance, and is quoted above. By its publication the owners of property were notified what the improvement was, and that an ordinance had been passed. The law does not require that such ordinance should be published in full. Section 80 of the consolidation act provides that, immediately after the adjournment of each meeting of the board of aldermen, the clerk shall prepare a brief extract, omitting all technical and formal details, of all resolutions and ordinances interposed and passed, which he shall transmit to the person appointed to supervise the publication of the City Record. Here was published a resolution distinctly specifying the improvement that was to be made, and declaring that it was for regulating, grading, setting curbstones and sidewalks, and flagging a space four feet wide through the center of Dyckman street from the Hudson river to the Exterior street, to be done under the direction of the commissioner of public works, and that an ordinance therefor was adopted. Every item of information that could have been imparted by the publication in full of the ordinance was given by the publication that was actually made. The abstract of the ordinance would contain the same matter and no more than was contained in the resolution, except that the ordinance referred to the levying of an assess-

ment to pay for the improvement; but that followed as of course, and was but a technical and formal detail of a matter which owners of property would be obliged to take notice as a necessary legal consequence of the resolution to make the improvement. We do not think this mere technical omission is sufficient to invalidate the whole assessment, and to charge the expense thereof upon the property holders of the city at large.

For the reasons, therefore, that these plaintiffs knew at the time they paid the assessment of the facts constituting asserted illegality in the nonperformance of the work according to the terms of the ordinance and of the contract; that they have failed to show, as matter of fact, that the certificate of the commissioner of public works was in fact false; and that the publication in the City Record was sufficient to notify property owners,—we think the judgment appealed from should be affirmed, with costs.

O'BRIEN and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., and LAUGHLIN, J., concur in result.