JOSEPH McCANN and Others, Plaintiffs, *v.* VILLAGE OF LINDENHURST, SUFFOLK COUNTY, NEW YORK, Defendant.

Supreme Court, Special Term, Suffolk County, March 12, 1940.

*Benjamin Kaplan,* for the plaintiffs.

*Franklin T. Voelker,* for the defendant.

DODD, J. The respective plaintiffs have brought suit against the defendant village for the repayment of sums paid by them for village taxes for the years 1924 to 1937, inclusive, claiming that the levies and assessments are void. An agreed statement of facts has been submitted and the parties seek a determination which involves a consideration of the following questions: (1) Whether the assessments are void; (2) whether the payments of the assessments are of such a voluntary character as to preclude recovery, and (3) is the failure of the plaintiffs to appear and complain on " Grievance Day " a bar to recovery? By stipulation, all claims for the period prior to 1933 have been eliminated by reason of the running of the Statute of Limitations.

The admitted facts reveal that the village of Lindenhurst at no time had a tax map, much less one filed in the office of the clerk of the county of Suffolk or one approved by the State Tax Commission. The assessment rolls show the school district and the general locality of the property involved, but that alone is not enough. For a more specific description, defendant has made reference to a lot number of an unfiled map. That, together with the more general description referred to above, cannot be considered as sufficiently identifying each separately assessed parcel, within the purview of the taxing

statute. (See Tax Law, § 21, subd. 1, and also *Lawton* v. *City of New Rochelle*, 114 App. Div. 883, 884; *Rupert* v. *Village of North Pelham*, 139 id. 302, 303, and *Bandler* v. *Village of Kensington*, 251 id. 890.) In the last named case the court said: " We find that the village had no tax map approved by the Tax Commission in accordance with the provisions of section 23 of the Tax Law; that the property in question had never been designated on any map so approved by the lot number used by the village; and that on the assessment rolls there was no description sufficiently accurate to identify the parcel assessed. As these taxes were for years preceding the acquisition of the property by the present owner, who had reason to believe, from the records, that the taxes thereon had been paid, we are of opinion that the assessments are void and invalid, and the plaintiff as assignee of the owner is entitled to recover. (Tax Law, § 21, subds. 1, 4; § 55-a.) "

That decision would be controlling herein if the taxes had been paid under protest as in that case. The right of a property owner to recover in an action of this type does not follow as a matter of course, from the fact that the assessment is invalid, since the attempt to maintain such an action is often defeated by the rule that a voluntary payment, that is, one made with full knowledge of the material facts and without duress or legal restraint, cannot be recovered. Accordingly, in the absence of a statute, a voluntary payment of an assessment cannot be recovered even if the assessment itself cannot be enforced. This rule is aptly stated in *Matter of Village of Delhi* (201 N. Y. 408, 414):

" Where an assessment is void on its face and a person without duress in fact pays the tax levied upon such assessment, it is a voluntary payment and cannot be recovered under section 16 of the County Law. (*Matter of McCue* v. *Supervisors of Monroe Co.*, 162 N. Y. 235; *Matter of Reid*, 52 App. Div. 243; *Matter of Gardner*, 52 App. Div. 625; affd., 167 N. Y. 621; *Toal* v. *City of New York*, 34 Misc. Rep. 18; affd., 67 App. Div. 619; *Matter of Village of Medina*, 52 Misc. Rep. 621; affd., 121 App. Div. 929.)

" Where an assessment although valid on its face, but in fact illegal and void, is paid by a person with knowledge of the facts which render the assessment void and without duress in fact it is a voluntary payment. (*Haven* v. *Mayor, etc., of N. Y.*, 67 App. Div. 90; affd., 173 N. Y. 611; *Tripler* v. *Mayor, etc., of N. Y.*, 125 N. Y. 617.) "

In the case at bar there can be little question but that the assessments were void on their face inasmuch as plaintiffs categorically aver that there is nothing in the assessed description which identifies the actual property owned by them.

A mistake of fact can scarcely be said to exist where the illegality appears from the records themselves. A taxpayer is just as much bound to inform himself as to what the records show or do not show as are the public authorities. (*Tripler* v. *Mayor, etc., of N. Y.,* 125 N. Y. 617.)

In order to recover, plaintiffs must show that coercion or some degree of compulsion was used in enforcing payment of the assessments involved. There is no claim that any duress was present here. As was stated in *Phelps* v. *Mayor, etc., of · N. Y.* (112 N. Y. 216, 222):

" She was under no compulsion to pay the assessment; for there was concededly no duress of person or goods and the payment was not forced by warrant or seizure. We do not understand that the rule goes further in its authority to permit of a recovery back of moneys paid by a person under a tax or assessment, than in a case where, its payment being compelled by an actual or threatened seizure of his person, or divestiture of his goods, he asserts by action and successfully maintains its illegality.

" If the tax or assessment is patently illegal and its payment is coerced, an action on the equity side of the court to have it declared void and the moneys paid returned, would be a proper form of remedy; *but, lacking the element of coercion, in the form of a duress of person or property, payment must be held to be voluntary.*"

To the same effect see *Vanderbeck* v. *City of Rochester* (122 N. Y. 285). There the court said (p. 289): " The rule that money paid under a mistake of law cannot be recovered back has been frequently applied where the payment of an assessment, illegal and void on its face, has been made without coercion. (*Phelps* v. *Mayor, etc.,* 112 N. Y. 216.) The plaintiff was under no legal obligation to pay the assessment. No attempt was made to compel payment from her. It is neither claimed nor proven that her action was induced by a mistake of fact. She must, therefore, be held to have paid the assessment voluntarily, and consequently bound by the rule of law which prevents the recovery back of a voluntary payment."

The foregoing cases have been cited in the following language used by Judge CRANE in *Adrico Realty Corp.* v. *City of New York* (250 N. Y. 29, 44): " *Bruecher* v. *Village of Port Chester* (101 N. Y. 240); *Jex* v. *Mayor* (103 N. Y. 536); *Phelps* v. *Mayor* (112 N. Y. 216); *Bowns* v. *May* (120 N. Y. 357); *Vanderbeck* v. *City of Rochester* (122 N. Y. 285); *Scudder* v. *Mayor* (146 N. Y. 245); *Poth* v. *Mayor* (151 N. Y. 16) state the general rule of voluntary payments in tax cases, but are not in conflict on the facts with the result we have reached in this case. We do not mean to say that a payment

made without protest and under no immediate pressure to escape a penalty can be recovered if later it is ascertained that the assessment was illegal. We are dealing with the facts of this case."

Although the assessments herein were void and illegal, in view of the fact that they were such on their face and the further fact that no protest was made by the plaintiffs, I must find that the payments of the taxes were voluntary.

Judgment for the defendant. Settle judgment on notice.